# DE NOBILI CIGAR CO. v. COMMISSIONER OF INTERNAL REVENUE.

## No. 92.

Circuit Court of Appeals, Second Circuit.

June 20, 1944.

438

Philip S. Hill, of New York City, for petitioner.

Samuel O. Clark, Jr., Sewall Key, J. Louis Monarch, and Morton K. Rothschild, all of Washington, D. C., for respondent.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. We adhere to our ruling in Patty v. Helvering, 2 Cir., 98 F.2d 717, i.e., that, under § 115(g), [26 U.S.C.A. Int.Rev.Acts, page 385], redeemed shares are the equivalent of dividends if and only if the shares were not issued for genuine business purposes. The Tax Court has found that here the shares were not so issued, and we agree. In any event, this is the kind of case which comes within Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239; see Wilmington Trust Co. v. Helvering, 316 U.S. 164, 168, 62 S.Ct. 984, 86 L.Ed. 1352; Fuld v. Commissioner, 2 Cir., 139 F.2d 465, 467. We also agree with the Tax Court that distributions

which are the equivalent of dividends under § 115(g) are "dividends" within §§ 143 and 211.

2. We need not consider whether Parker v. United States, 7 Cir., 88 F.2d 907 is correct. For, even assuming *arguendo* that it is, taxpayer here must lose. The Tax Court correctly held that there was no presumption that any of the transferees of the shares distributed to stockholders were purchasers for value; that, if the Parker rule is valid, petitioner had the burden of proof on that issue; and that petitioner had not discharged that burden.

Affirmed.