*25 OPINION.
Van Fossan:
Whether a payment is a gift depends, first, on the intention of the alleged donor. If the intention be present, then the acceptance and factual accomplishment are important elements. If the intention of the donor be absent it matters not how the recipient considered or treated the payment.
Intention may gathered from expressed purpose or inferred from surrounding facts and circumstances. Here the record reveals that Greenwood promised orally to pay an additional year’s salary. When asked to put the promise in writing he complied, again characterizing the same as salary. Though he suggested that “ in a way these future payments are not in the nature of salary, but are rather an honorarium, he went further and clearly expressed the reason impelling the payments as in recognition of “ an obligation on our part to one who has served the corporation for over forty years earnestly and faithfully.” This statement clearly shows the payments to have been considered by Greenwood to be in consideration of the services rendered and, therefore, additional compensation.
In the next communication, that terminating the payments, Greenwood again suggests the consideration for the payments when he says, “ I hope you will feel even though the time has been shortened a quarter, that the corporation has treated you fairly.”
*26 Corroborative of the above is the entry on petitioner’s employment record, “ Mr. Lougee’s salary is to continue for one year * *
But perhaps more persuasive as showing the corporate intention are the facts that the books of the corporation showed the payments as expense items and the corporation claimed the same as deductions in its tax return.
Thus the record of the company, consistently from first to last, negatives the contention of petitioner that the payments were gifts. That being our conclusion, the intention is absent, and it is unnecessary to consider other elements. See Schumacher v. United States (Ct. Cls.), 55 Fed. (2d) 1007, and cases cited.
Eeviewed by the Board.

Decision will he entered' for the respondent.