**WILLKIE v. COMMISSIONER OF INTERNAL REVENUE.**

No. 9000.

Circuit Court of Appeals, Sixth Circuit.

May 12, 1942.

954

Samuel E. Gawne and John M. Hudson, both of Detroit, Mich. (Bulkley, Ledyard, Dickinson & Wright, of Detroit, Mich., on the brief), for petitioner.

Joseph M. Jones, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Gerald L. Wallace, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

This is a proceeding to review a decision of the Board of Tax Appeals. The question is whether the petitioner, Herman Frederick Willkie, received $15,000.00 during the calendar year 1927, as additional compensation for services rendered to Hiram Walker & Sons, Inc., or whether the sum so received was a gift.

The Commissioner held the sum to be compensation constituting a part of the petitioner's gross income, and declared a deficiency tax of $4,427.73. The Board of Tax Appeals sustained the Commissioner, hence this appeal. The facts are not in dispute and are substantially as follows:

Hiram Walker-Gooderham & Worts, Ltd., a Canadian Company, is the parent company; Hiram Walker & Sons, Ltd., a subsidiary operating in Canada; Hiram Walker & Sons, Inc., a subsidiary operating in the United States and Hiram Walker & Sons of Scotland, Ltd., organized early in 1937, and a subsidiary operating in Scotland.

Hiram Walker & Sons, Ltd., employed petitioner on February 15, 1927, and he later became the general superintendent and director of that company. Hiram Walker & Sons, Inc., was incorporated in 1933, at which time petitioner became its vice-president in charge of production. He built, organized and operated a distillery for that company in Peoria, Illinois, and became a director of Hiram Walker-Gooderham & Worts, Ltd., the parent company, receiving from it an annual salary of $2,000.00.

Practically all of petitioner's time was devoted to the business affairs of Hiram Walker & Sons, Inc., which company paid him a salary of $30,000.00 annually for the years 1936 and 1937. This was the same amount received as salary by the chairman of the boards of Hiram Walker-Gooderham & Worts, Ltd., and Hiram Walker & Sons, Inc.

Petitioner went to Scotland early in 1937 to assist in organizing and putting in business the Hiram Walker & Sons of Scotland, Ltd., a new company for which he had designed the plant and equipment. While there he was paid his regular salary by Hiram Walker & Sons, Inc. On May 12, 1937, he tendered his resignation to the president of Hiram Walker & Sons, Inc., on which action was deferred for about ten days until a meeting of the Board of Directors of Hiram Walker-

Gooderham & Worts, Ltd., could be had. At a meeting of the parent company on May 28, 1937, petitioner tendered his resignation as a member of its Board of Directors and also as an employee of Hiram Walker & Sons, Inc., giving as the reasons therefor that he felt the major part of his work was completed and that his talents were no longer being fully utilized. On being urged to reconsider he refused and his resignation was accepted. After his departure from the meeting, the following resolution was passed:

"It was moved by Mr. McCarthy, seconded by Mr. Lash, and unanimously carried that Mr. Willkie be given a cheque equal to six months' salary in appreciation of services rendered."

Petitioner did not wish to accept this sum but was urged to do so and on May 31, 1937, did accept a check of Hiram Walker & Sons, Inc., in the amount of $15,000.00, pursuant to the foregoing resolution. Petitioner also received a gift of a chime clock from the employees of Hiram Walker & Sons, Ltd., and a traveling bag from the employees of Hiram Walker & Sons, Inc.

At the time petitioner resigned, he had theretofore been paid all sums due him under his contract of employment with Hiram Walker & Sons, Inc., and as a director of the parent company, Hiram Walker-Gooderham & Worts, Ltd.. After the passage of the above resolution, the chairman of the Board sought out petitioner and told him that the Board of Directors had made him a present of $15,000.00 and petitioner responded that he did not want any gift but was told by the chairman that the vote was unanimous and he thought petitioner should accept it. Shortly thereafter petitioner stated to the chairman of the Board that he probably had not been gracious about the action the Board had taken and at this time accepted the check from the chairman. At the time petitioner resigned he had been with the Hiram Walker companies for ten years.

Petitioner treated the sum received as a gift and did not report it in his income tax return for 1937. Hiram Walker & Sons, Inc., included the $15,000.00 as a deduction on its income tax return for 1937 as compensation paid petitioner.

The parent company, Hiram Walker-Gooderham & Worts, Ltd., had power during 1937 to make a gift to an employee or former employee of the parent company or its subsidiary, Hiram Walker & Sons, Inc. Petitioner is now employed by Seagram Distilleries Corporation, Ltd., a competitor of the Hiram Walker companies.

The petitioner urges that he had been amply compensated for his services to the Hiram Walker companies extending over a period of ten years and that the present sum was a gift deductible as such under Sec. 22(b) (3) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code, § 22(b) (3).

■ We may substitute our judgment for that of the Board in determining whether the present payment was a gift. Bogardus v. Commissioner of Internal Revenue, 302 U.S. 34, 38, 58 S.Ct. 61, 82 L. Ed. 32.

It would be impossible, and probably useless, to discuss the innumerable decisions under the income tax law as to what constitutes a gift. Various factors, no single one of which is controlling, are to be considered in determining whether payment to one performing a service, either past, present or future, is compensation subject to tax or is a gift specifically exempt from gross income under the statute.

■ An employer may make a gift to an employee without rendering it taxable whether made before, during or after the termination of service. However, a payment of an additional sum by an employer to an employee carries a strong presumption that such payment is for services rendered. Bass v. Hawley, 5 Cir., 62 F.2d 721.

■ The intention of the parties, gathered from the facts and circumstances surrounding the transaction, and particularly that of the payor, is regarded as of primary importance in determining whether the payment is a gift or additional compensation for services. Fisher v. Commissioner of Internal Revenue, 2 Cir., 59 F.2d 192; Lunsford v. Commissioner of Internal Revenue, 6 Cir., 62 F.2d 740. It is settled law that a payment may be compensation for services although made voluntarily and without legal obligation. Old Colony Trust Company v. Commissioner of Internal Revenue, 279 U.S. 716, 730, 49 S.Ct. 499, 73 L.Ed. 918.

Since the intention of the payor or his motive may be gathered from expressed purposes or inferred from surrounding facts and circumstances, we search the evidence for the criterion of motive or intent

956

of the payor. The payment to petitioner was measured by his salary, in which aspect it had a direct relationship to the services performed. Levey v. Helvering, 62 App. D.C. 354, 68 F.2d 401. The resolution states the payment is "in appreciation of services rendered." Giving this phrase its ordinary signification, the payment falls within the definition of bonus, which is a boon over and above what is normally due as remuneration to the receiver, money or its equivalent, given as a premium or as an extra or irregular remuneration in consideration of offices performed or to, encourage their performance. Walker v. Commissioner of Internal Revenue, 1 Cir., 88 F.2d 61; Noel v. Parrott, 4 Cir., 15 F. 2d 669; Schumacher v. United States, Ct. Cl., 55 F.2d 1007.

■ The fact that the corporate payor claimed the present payment as a deduction in arriving at its taxable net income for the year in question is regarded as an intent to pay compensation for services rather than to make a gift. Noel v. Parrott, supra; Botchford v. Commissioner of Internal Revenue, 9 Cir., 81 F.2d 914; Commissioner of Internal Revenue v. Bonwit, 2 Cir., 87 F.2d 764; Anderson v. Commissioner of Internal Revenue, 31 B.T.A. 197, affirmed in 2 Cir., 79 F.2d 979.

■ Petitioner urges that the fact that the subsidiary, Hiram Walker & Sons, Inc., deducted the $15,000.00 payment from its gross income as compensation to him is of no evidential value, because the parent authorized the payment on May 28th and the subsidiary dated its check May 31, 1937, and made its income tax return six months thereafter, and that the only inference that can be drawn from the expense deduction by the subsidiary is that it was an afterthought and the evidence relied on is a violation of the hearsay rule. It is so generally accepted that the burden of proof to overthrow the presumptive correctness of the Commissioner's findings rests on the taxpayer that it would be trite to cite authorities supporting the rule. In determining the question of a gift, book entries of the payor are evidence of his intent or motive. Lougee v. Commissioner of Internal Revenue, 26 B.T.A. 23, affirmed in 1 Cir., 63 F.2d 112; Blair v. Rosseter, 9 Cir., 33 F.2d 286.

■ The petitioner having failed to put in evidence the book entries made on the payor's books simultaneously with the payment in question, we presume such entries would support the deduction claimed in the payor's income tax return and that such book entries would show that the payor treated the sum paid the petitioner as compensation.

When the income tax deduction of the payor is tied to its earlier book entries on the subject, the evidence of the deduction is of weight in deciding the question of whether or not the payment was a gift to petitioner.

■ All of the elements to be taken into account in determining whether the present payment was a gift or compensation for past services lead to the conclusion that the sum received by the petitioner constituted a part of his gross income for the tax year in question.

Petitioner relies strongly on Bogardus v. Commissioner of Internal Revenue, supra, [302 U.S. 34, 58 S.Ct. 65, 82 L.Ed. 32], where the court held that payments made to present and former employees of a corporation by its former stockholders, acting through a new corporation which had taken over the property of the old, were gifts. The premise for the decision was that no connection existed between the old corporation or the recipient of gifts on the one hand and the makers of the gifts and their new corporation on the other. In the opinion, after reciting the facts, the court said:

"If the disbursements had been made by the Universal Company, or by stockholders of that company still interested in its success and in the maintenance of the good will or loyalty of its employees, there might be ground for the inference they were payments of additional compensation. Compare Noel v. Parrott [4 Cir.], 115 F.2d 669. * * * There is entirely lacking the constraining force of any moral or legal duty as well as the incentive of anticipated benefit of any kind beyond the satisfaction which flows from the performance of a generous act."

In applying the above case to the case at bar, it must be remembered that the petitioner was dissatisfied with the use the Hiram Walker companies had made of his business talents, and it is a fair inference, from the findings of fact that the Board of Directors of the Hiram Walker-Gooderham & Worts, Ltd., in passing the resolution wished to retain petitioner's good will after he had left that company and its subsidiaries.

In reference to the Bogardus case, it should be borne in mind that it is unsafe to classify adjudicated cases upon any complex question of law and to extract from them rules of general application as the reasoning in such cases is often due to their diversities. It is therefore wiser to decide each case upon its own peculiar state of facts as to do otherwise leads us into the field of abstract reasoning. The Bogardus case illustrates the necessity of following this rule. It discusses numerous cases from the circuits and from the Court of Appeals of the District of Columbia, over-rules none of them and leaves each as positive authority coextensive with the facts on which the opinion was founded.

The petitioner also leans heavily on Blair v. Rosseter, supra. In that case the stockholders of the corporation instructed the Board of Directors to authorize the payment of $50,000.00 to the company's president as a gift in recognition of his able and successful direction of the affairs of the company during "the past ten years." The sum was paid as directed and charged on the books of the corporation to the surplus account. All of the records of the corporation showed that the sum was a gift.

In the case of Cunningham v. Commissioner, 3 Cir., 67 F.2d 205, on which petitioner also relies, the taxpayer was the president of a Canadian company and received a salary of $15,000.00 a year. The stockholders transferred their stock to new owners who wished to elect a new president and requested taxpayer's resignation. The Board of Directors passed the following resolution which was approved by the stockholders:

"Resolved that in appreciation of Mr. Cunningham's excellent guidance of this Corporation through times of difficulty and depression a sum of $15,000 be, and is hereby, awarded to Mr. Cunningham as an honorarium."

The taxpayer was not present when this action was taken and the sum paid him was treated on the books of the corporation as a gift. Under these facts the court held that it was a gift.

The essential difference between the Cunningham case and the one at bar is that the corporation in the Cunningham case considered and, by corporate action, treated the honorarium as a gift. In the case at bar the corporation considered and treated the sum paid petitioner as a bonus or additional compensation.

The order of the Board is affirmed.