STANLEY B. WOOD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4479. Promulgated April 30, 1946.

*H. M. Frost, Esq.*, for the petitioner.
*B. M. Coon, Esq.*, for the respondent.

### OPINION.

HARLAN, *Judge*: This case arose out of a deficiency determined by the respondent in the income tax of petitioner for the year 1940 in the amount of $22.42. Petitioner claims an overassessment for that year according to his petition in the amount of $101.20, but according to the claim for refund filed it is in the amount of $118.80.

The petitioner is a resident of Burbank, California. His income tax return for the year 1940 was filed in the sixth district of California.

The question for determination is: When an employer, who is also the father of an employee, is disallowed a deduction as a business expense of part of an amount paid to his son, because that part was declared excessive compensation for the services rendered, is such excessive compensation taxable income to the son, or is it to be treated as a gift not includible in the son's taxable income?

All of the facts in this case are stipulated. They are as follows:

That Clyde W. Wood is the father of Stanley B. Wood, the petitioner in the above-entitled action.

That Clyde W. Wood operated a general contracting business as an individual in Los Angeles, California, during the calendar year 1940.

That during the year 1940 the petitioner was in the employ of his father, Clyde W. Wood, for whom he worked as a superintendent and foreman on various construction and road building projects and was paid for his said services a regular salary of $2,435.63 for the year, and a bonus at the end of the year in the amount of $5,000, or a total amount of $7,435.63.

Petitioner reported $5,576.72, or three-fourths of the $7,435.63, as income for 1940 and paid to the Collector of Internal Revenue $138.99 as the amount of income and defense tax due on the $5,576.72. The remaining one-fourth, or $1,858.91 of said $7,435.63, was duly reported by petitioner's wife in her separate return, and an income and defense tax of $73.61 paid thereon.

Pursuant to an internal revenue agent's report of an examination of the return of Clyde W. Wood (the father) for the calendar year 1940, respondent disallowed $3,000 of the $5,000 bonus payment as excessive compensation, and the said Clyde W. Wood settled his tax liability in accordance with said adjustment.

On June 30, 1943, the petitioner filed a claim for refund of income taxes in the amount of $118.80 for the calendar year 1940. A copy of said claim for refund is attached hereto as a part hereof.

After the filing of said claim for refund an examination of petitioner's 1940 return was made and the examining officer made the following report:

> Claim was filed to request decrease in salary because $3,000.00 of the bonus paid by Clyde W. Wood was disallowed as a deduction to Clyde W. Wood, on the basis that it was excessive bonus.
>
> The claim is recommended for rejection because excessive compensation represents taxable income to the recipient, per Section 19.23 (a)–7 of the Internal Revenue Code.
>
> Personal exemption has been reduced from $1,800 to $1,400. The taxpayer was married about July 1, 1940. He claimed personal exemption of $400 for six months, his wife's single exemption of $400 for six months and the total joint exemption of $1,000 for the six months after marriage. Inasmuch as Mrs. Wood filed a separate return, her single exemption for the period before marriage is deductible only on her return.

Upon the basis of said report a deficiency in income tax in the amount of $22.42 was determined, as shown in the notice of deficiency attached to the petition in this case as Exhibit A thereof.

Petitioner claims that the $3,000 bonus disallowed should be construed to be a gift to him and not taxable as income; respondent claims that the amount is taxable income to petitioner, as a matter of law and United States Treasury Department regulations having the effect of law.

These facts present the single question as to whether or not the $3,000 payment received by the petitioner should be included in his gross income or should be considered as a gift by petitioner's father to him. On the question of what should be included in gross income and of what disposition shall be made of amounts paid ostensibly as compensation for employment but which are declared to be in excess of allowable compensation, the Treasury has adopted regulations [1] on which the

[1] "SEC. 19.22 (a)–1 [Regulations 103]. *What Included in Gross Income.*—Gross income includes in general compensation for personal and professional services, business income, profits from sales of and dealings in property, interest, rent, dividends, and gains, profits, and income derived from any source whatever, unless exempt from tax by law. (See sections 22 (b) and 116.) In general, income is the gain derived from capital, from labor,

respondent relies. Petitioner relies upon two decisions of the Board of Tax Appeals, *Samuel Rottenberg*, 20 B. T. A. 589, and *Louise Wright*, 14 B. T. A. 1337. Both of the above decisions pertain to the allowability of deductions made by the payor, who was the petitioner in each case. In each of these cases the respondent had determined a deficiency against the payor petitioner and this placed the burden of proof on the petitioner to show that the payments made were made as actual compensation for services rendered. In each of these cases the Board of Tax Appeals decided that the payments made by the petitioners, who, in each case, were parents of the respective payees, were not deductible *in toto* as reasonable compensation for services rendered, but were payments made in excess of reasonable compensation, and in each case the Board said that such payments "may be regarded" as gifts to the extent of such excess over the value of the services rendered.

It will be seen that there are two important points of distinction between the above cases relied upon by petitioner and the pending case:

(1) The two cases cited pertain to deductions by the payor and to the extent that the Board said that such deductions "may be regarded" partially as gifts, the remarks of the Board were *obiter dicta* in relation to the conclusion of the Board. In other words, the Board's determination that the payments made were in excess of the value of the services rendered made a complete determination of the case and whether those payments "may" be regarded as gifts or "may" be regarded merely as payments in an effort to avoid income tax, or for any other purpose, is not material to the principal finding of the Board.

(2) In the cases cited, furthermore, it is noted that the respondent had determined that so far as the taxpaying petitioner was concerned, the payments were gifts. In the pending case the respondent has determined that the payments were not gifts. Thus, entirely aside and independent from the provisions of the regulations above referred to, it became the responsibility of the petitioner to overcome this assumption by a preponderance of the evidence.

The available decisions on this question where overpayments are made and a family relationship exists between the payor and payee are not numerous. However, there seems to be an abundance of law on the basic principle involved in all cases where an overpayment is involved. That principle is that the *intent* of the payor at the time

---

or from both combined, provided it be understood to include profit gained through a sale or conversion of capital assets. * * *

SEC. 19.23 (a)-7. *Treatment of Excessive Compensation.*—The income tax liability of the recipient in respect of an amount ostensibly paid to him as compensation, but not allowed to be deducted as such by the payor, will depend upon the circumstances in each case. * * * In the absence of evidence to justify other treatment, excessive payments for salaries or other compensation for personal services will be included in gross income of the recipient and subjected to both normal tax and surtax.

the payment is made is the controlling factor. This principle has been repeatedly set forth in the following cases, none of which, however, involve a family relationship. *Fisher* v. *Commissioner* (C. C. A., 2d Cir., 1932), 59 Fed. (2d) 192; *Bass* v. *Hawley* (C. C. A., 5th Cir., 1933), 62 Fed. (2d) 721; *Noel* v. *Parrott* (C. C. A., 4th Cir., 1926), 15 Fed. (2d) 669; certiorari denied, 273 U. S. 754; and *Schumacher* v. *United States* (1932), 74 Ct. Cls. 720; 55 Fed. (2d) 1007.

In the pending case, which involves a family relationship and in which the payment was made by a father to his son in a year in which the son was married, it would seem that the intent on the part of the father to make a gift to his son might well have been established sufficiently strong to overcome the presumption raised by the respondent's finding in this case. But there is not a particle of evidence on this point and this Court can not, therefore, so find. It is the finding of the Court that the petitioner has not sustained the burden of proof in this case by showing that the overpayment to him by his father was intended by the father as a gift.

*Judgment will be entered for the respondent.*