**FLEISCHER et al. v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 13389.**

Circuit Court of Appeals, Eighth Circuit.

Dec. 5, 1946.

William Kohn, of St. Louis, Mo., for petitioners.

Berryman Green, Sp. Asst. to Atty. Gen. (Douglas W. McGregor, Asst. Atty. Gen., and Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

This is a petition to review a decision of the Tax Court denying petitioners' separate claims for refund of income taxes for the year 1941. Petitioners assert that part of what was reported by them as income for that year turned out to be a return of capital.

Alfred J. Fleischer is the son of Minnie R. Fleischer and her husband, Morris I. Fleischer. In 1941, the three Fleischers were the sole stockholders, directors and officers of Fleischer-Seeger Construction Company, a Missouri corporation with a capital stock of $15,000. The corporation paid in that year to its officers salaries aggregating $46,500, which, according to its books, left it with a surplus at the end of the year of $3,706.84. Morris I. Fleischer, as president and treasurer, received a salary of $24,750. Minnie R. Fleischer, as vice-president, received $9,375. Alfred J. Fleischer, as secretary, received $12,375. The officers reported these salaries as income in their individual income tax returns for 1941, and paid the taxes. The corporation in its return for that year deducted from its receipts the $46,500 paid in salaries. In auditing the corporation's 1941 return, in 1943, the Commissioner disallowed $16,500 of the deduction taken by the corporation for salaries, as excessive. His action in this regard resulted in an increase of $6,838.52 in the corporation's income and excess profits tax for 1941. The payment of this added amount created a deficit of $4,845.07 in the corporation's balance sheet as of December 31, 1941. Upon the advice of counsel, the Fleischers paid to the corporation a sum equal to this deficit. Of this amount, Minnie R. Fleischer paid $2,400, her proportionate share, and Alfred J. Fleischer paid $1,049.-99. In September, 1943, petitioners filed amended returns for the year 1941. In each return there was excluded from income an amount equal to what the petitioner had paid the corporation to restore the 1941 deficit created in 1943 by the assessment of the additional tax of $6,838.52. On the basis of these amended returns, Alfred J. Fleischer had overpaid his income tax for 1941 by $265.68, and Minnie R. Fleischer had overpaid her income tax for that year by $526.78. Petitioners filed timely claims for the refund of these amounts. The Commissioner, in denying the claims, ruled that the entire salaries paid to petitioners in 1941 constituted taxable income. The Tax Court, on review, affirmed the Commissioner.

The petitioners, in effect, assert that it conclusively appears that $1,049.99 of the salary paid to Alfred J. Fleischer and $2,-400 of the salary paid to Minnie R. Fleischer in the year 1941 was not income, but was capital, because the petitioners received these amounts as constructive trustees and subject to an obligation to restore them to the corporation if its capital became impaired.

We think that the Tax Court's decision must be sustained. This is one of those cases in which the decision of that court respecting accounting practices and the tax consequences of events occurring in years subsequent to the taxable year should be regarded as final, under the doctrine of Dobson v. Commissioner, 320 U.S. 489, 501-507, 64 S.Ct. 239, 88 L.Ed. 248. The decision of the Tax Court has a reasonable basis in the law.

"* * * If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent." North American Oil Consolidated v. Burnet, 286 U.S. 417, 424, 52 S.Ct. 613, 615, 76 L.Ed. 1197.

The petitioners have pointed out no "clear-cut mistake of law" (Dobson v. Commissioner, supra, 320 U.S., page 502, 64 S.Ct. 247), in the rulings of the Tax Court in this case. We are of the opinion that there is none. The rule that embezzled funds do not constitute taxable income in the hands of the embezzler (Commissioner Internal Revenue v. Wilcox, 327 U.S. 404, 66 S.Ct. 546) obviously has no application to this case. An embezzler

does not hold his ill-gotten gains under any claim of right. The petitioners in 1941 were not engaged in picking the pockets of their corporation. What they received in that year as salaries from the corporation they received without restriction and under a claim of right. They accepted these salaries as income and reported them as such. That the Commissioner's audit in 1943 of the corporation's 1941 return did not convert any part of the income received by petitioners in 1941 into a return of capital for that year, is at least a permissible conclusion.

The decision of the Tax Court is affirmed.