**SMITH v. MANNING, Collector of Internal Revenue (two cases).**
**Civ. Nos. 9055, 9056.**

United States District Court
D. New Jersey.

July 17, 1950.

Crummy & Consodine, Andrew B. Crummy, John K. Bangs, all of Newark, N. J., for plaintiffs.

Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe, and Lyle M. Turner, Sp. Assts. to Atty. Gen., Alfred E. Modarelli, U. S. Atty., and Edward V. Ryan, Asst. U. S. Atty., both of Newark, N. J., for defendant.

MADDEN, District Judge.

These actions arise from the same factual background and present exactly the same question of law. For convenience the Court will consider them as though consolidated. The statutory conditions precedent to bringing the action have all been complied with and the sole issue is whether or not plaintiffs should prevail upon the merits.

Briefly, the facts are as follows. Plaintiff sisters were employed by their father during the years in question in his business known as the R. G. Smith Tool and Manufacturing Co. He paid the sisters certain salaries and claimed such payments in full as deductions as ordinary and necessary business expenses. The sisters reported the full salaries as income and paid income taxes thereon. Upon examination of his returns by representatives of the Bureau of Internal Revenue, only portions of the salaries paid were allowed as business deductions and, therefore, additional taxes were assessed against and paid by the father to the Treasury Department. The sisters thereupon filed claims for tax refunds on the basis that the amounts paid them by their father and not allowed as salaries by the tax authorities must be considered as gifts and, therefore, not taxable to them as income. Appropriate gift tax returns were filed by Mr. Smith and the plaintiffs. The claims for refund were denied by the Bureau of Internal Revenue and the instant actions were instituted. The amounts involved are set forth in the following schedule:

|  | Received From R. G. Smith | Allowed as Salaries | Difference | Refund Asked |
|---|---|---|---|---|
| Aida S. Smith |  |  |  |  |
| 1940 | $11,935.00 | $5,000.00 | $6,935.00 | $ 775.10 |
| 1941 | 15,300.00 | 5,000.00 | 10,300.00 | 3,946.25 |
| Irma M. Smith |  |  |  |  |
| 1940 | 14,075.00 | 9,000.00 | 5,075.00 | 736.02 |
| 1941 | 16,300.00 | 10,000.00 | 6,300.00 | 2,723.32 |

The government, through its counsel, contends that in order for the plaintiffs to prevail it would be necessary for them to show that at the time of the transaction it was the intention of Robert G. Smith to make gifts to them and not his intention to compensate them for services rendered.

The present controversy stems from the right of the department to inquire into the amount of salary paid by an employer to an employee and deducted from the employer's income tax return as such and rightly so, especially where as here the relationship between employer and employee is at the one and the same time a relationship of father and daughter.

The Act allowing such salaries as business deductions is Section 23, Internal Revenue Code, 26 U.S.C.A. § 23, and the pertinent parts are as follows:

"In computing net income there shall be allowed as deductions:

"(a) Expenses

"(1) Trade or business expenses

"(A) In general. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered  *  *."

The record presently before the Court is silent upon the explicit reasons the Treasury Department refused to allow the full amount paid these daughter-plaintiffs as reasonable deductions, but it is fair to assume it was because of the father-daughter relationship.

In any event, the taxing authorities by appropriate action have determined or adjudicated what was a reasonable amount that the father-employer could deduct in estimating his income tax as salaries for his daughter-employees. What then was the difference?

Counsel for the government adds a footnote to its brief (pages 8 and 9) referring to a colloquy between the Court and both counsel (off the record) after the trial of the cause. In this footnote counsel suggests there might have been fraudulent intention on the part of the father-employer in paying too high a salary. Certainly this Court has no right or intention of guessing at fraud without the offer of some proof of such on the part of the government. However, as long as government counsel saw fit to refer to such conversation, it is in the mind of the Court that one of the Court's questions directed to government counsel was, "What about the question of double taxation or the proposition of unjust enrichment by the department's own rulings?" Defendant's brief is totally silent on this question.

This Court is ever mindful of its duty to follow established precedents; however, they sometimes conflict. In Cunningham v. Commissioner, 3 Cir., 1933, 67 F.2d 205, it was held that the payment of $15,000 to a retiring president of a corporation "in appreciation of his excellent guidance of the corporation through times of difficulty and depression", was a gift and not subject to income tax.

While in Fleischer v. Commissioner, 8 Cir., 1946, 158 F.2d 42, it was held that where officers of a corporation who had paid themselves salaries, which upon examination by the department were held to be excessive, the excessive amount was, for income tax purposes, not to be considered as capital of the corporation which they had received as trustees and therefor must return, but, on the contrary, must be regarded as income because it was received under a claim of right.

It seems important to note, however, that the Court's opinion in the Fleischer case, supra, was based upon the findings of the Tax Court which were on review before the Eighth Circuit, for Judge Sanborn said, 158 F.2d at page 43: "We think that the Tax Court's decision must be sustained. This is one of those cases in which the decision of that court respecting accounting practices and the tax consequences of events occurring in years subsequent to the taxable year should be regarded as final, under the doctrine of Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248."

And as long as the decision of the Tax Court had a reasonable basis in law, it had to be sustained upon review.

The Court is also mindful of the holding of this Circuit in Sportswear Hosiery Mills v. Commissioner, 3 Cir., 129 F.2d 376. But that case also was on review from the Tax Court, and in the writer's mind the fraud of the taxpayer was apparent for the taxpayer was trying to keep reimbursements received from its vendors, representing Federal excise tax burdens, upon the claim that since its vendors were not legally obligated to reimburse it the refunds were gifts or gratuities and in any event not income.

Counsel for the government urges the case of Noel v. Parrott, 4 Cir., 1926, 15 F.2d 669. In that case a corporation, upon a sale of its assets, voted a sum of money for distribution among its officers. $35,000 was voted to the plaintiff who had been general superintendent of the company for which he received an annual salary of $7,-000 to which was added a bonus of $3,500. Plaintiff paid tax upon the $35,000 distributed to him under protest and brought suit to recover the same. There was no examination or dispute concerning the corporate return. But that case is not on point, for Judge Parker observed, 15 F.2d at page 671: "It no where appears that it was treated or referred to as a 'gift,' but, on the contrary, was claimed by the corporation as a salary deduction from its gross income in its income tax return."

This Court feels that the most enlightening language is that used by Mr. Justice Sutherland for our Supreme Court in Bogardus v. Commissioner, 302 U.S. 34, 35, at page 39, 58 S.Ct. 61, 64, 82 L.Ed. 32, where he observed, "The court below thought that payments such as are here involved 'may be at once "gifts" under § 22, subdivision (b) (3) and "compensation for personal service" under subdivision (a).' Such a view of the statute is inadmissible and confusing. The statute definitely distinguishes between compensation on the one hand, and gifts on the other hand, the former being taxable and the latter free from taxation. The two terms are, and were meant to be, mutually exclusive; and a bestowal of money cannot, under the statute, be both a gift and a payment of compensation."

In the present case the taxing authorities have determined, for tax purposes, what amount of money can be allowed as a reasonable business expense as compensation for each of these daughters. What then is the balance? If it is money passing, with no conditions attached, from a father to a daughter and the tax authorities have held she has not earned it and therefor it is not compensation, what else can it be other than a gift. In this Court's opinion, reason and logic can lead to no other conclusion.

Therefore, the Court holds that the plaintiffs are entitled to recover upon their respective claims. Counsel will submit proposed findings of fact and conclusions of law.