**SMITH v. MANNING (two cases).**

No. 10338.

United States Court of Appeals Third Circuit.

Argued Jan. 16, 1951.

Decided May 28, 1951.

Edward J. P. Zimmerman, Washington, D. C. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Helen Goodner, Sp. Assts. to Atty. Gen., Alfred E. Modarelli, U. S. Atty., Edward V. Ryan, Asst. U. S. Atty., Newark, N. J., on the brief), for appellant.

John K. Bangs, Newark, N. J. (Andrew B. Crummy, Newark, N. J., on the brief), for appellees.

Before GOODRICH, KALODNER and STALEY, Circuit Judges.

KALODNER, Circuit Judge.

The question presented is whether sums of money received by the plaintiffs in the taxable years 1940 and 1941 were income, subject to income taxes, or gifts, exempt therefrom.[1] The plaintiffs had filed claims for refund of income taxes erroneously paid, and upon rejection of the claims by the Commissioner of Internal Revenue, brought the instant actions against the local Collector. The Court below determined that the amounts involved were gifts, and gave judgment accordingly. 91 F.Supp. 812. The Collector has taken this appeal.

---

1. Internal Revenue Code:

"§ 22. Gross income

"(a) General. definition. 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *

"(b) Exclusions from gross income. The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

*    *    *    *    *    *

"(3) Gifts, bequests, devises, and inheritances. The value of property acquired by gift, bequest, devise, or inheritance. * * *"

53 Stat. 9, as amended, 26 U.S.C.A. § 22(a), (b) (3).

The plaintiffs are sisters, Irma and Aida Smith. In the years involved, they were employed by their father, Roy G. Smith, in his business of manufacturing special machinery and precision tools. Irma served as engineer and production supervisor since 1935 and received $14,075 in 1940, and $16,300 in 1941. Aida served as secretary and office manager since 1938, and received $11,935 in 1940, and $15,300 in 1941. They reported these amounts as income on their respective tax returns, and paid the tax due. Similarly, their father, on his income tax returns, treated the exact amounts as compensation paid for services rendered and deducted them as business expenses.[2] However, on audit of Roy G. Smith's income tax returns, the Commissioner allowed to him as reasonable compensation for Irma, deductions in the amounts of $9,000 and $10,000, for the years 1940 and 1941 respectively, and for Aida, deductions in the amount of $5,000 for each of the two years.[3] The difference between these amounts and the amounts actually paid by Smith to his daughters was disallowed to Smith as business deductions because the Commissioner concluded that it represented an excess over reasonable compensation.[4] By reason of the disallowance of deductions, deficiencies in income taxes were assessed against Smith. Smith filed a protest to the Commissioner's determination, asserting that the amounts involved were paid to his daughters as salary and were reasonable compensation for services rendered in the course of employment. Subsequently, Smith filed a petition with the Tax Court in which he reiterated this position; a stipulated judgment was entered against him, and he paid the additional taxes due. Thereafter, in March, 1944, Smith filed gift tax returns reporting as gifts to his daughters the amounts which had been disallowed to him as income tax deductions. No gift tax was due, however, because of the statutory exemptions. Similarly, the daughters filed donee reports and claims for refund of income taxes asserting that the sums involved had been disallowed to their father as business deductions, consequently the sums were gifts and not taxable income to them. Since, as stated, the claims for refund were rejected, the daughters brought the actions at law, consolidated below, which led to this appeal.

The basis of the plaintiffs' position, as well as of the holding of the court below, is that since the Commissioner determined that the sums disallowed as business expense deductions to the father were not compensation for service rendered, they must be gifts. We cannot agree either with the premise or the conclusion.

■ Section 22(a) of the Internal Revenue Code exerts the taxing power in broad language indicating "the purpose of Congress to use the full measure of its taxing power within * * * definable categories." Helvering v. Clifford, 1940, 309 U.S. 331, 334, 60 S.Ct. 554, 556, 84 L.Ed. 788. But the allowance of tax benefits is a matter of legislative grace, in practice held closely confined. It is obvious, from a comparison of Section 22(a) and Section 23, that a determination of nondeductibility under the latter does not conclude the issue of gross income under the former. We all know that we have items of expense which, when paid, are includible in the payee's gross income, but which are not deductible to us.

■ In the instant case, the Commissioner may well have denied Smith a deduction on the ground that the amounts paid to his daughters were something other

---

2. Internal Revenue Code:
   "§ 23. *Deductions from gross income.* In computing net income there shall be allowed as deductions:
   "(a) *Expenses*
   "(1) *Trade or business expenses.*
   "(A) *In general.* All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable

allowance for salaries or other compensation for personal services actually rendered * * *." 53 Stat. 12, 26 U.S.C. A. § 23(a) (1) (A).

3. The amounts stated are the amounts ultimately allowed to Roy G. Smith as deductions; the Commissioner had first allowed smaller amounts.

4. Exhibit D–2.

than business expenses or that they were something other than compensation for services actually rendered. He did not do so. He merely resolved the issue of reasonable compensation, and disallowed the balance. It does not necessarily follow upon this determination that the excess was other than taxable income to the daughters.[5] Nor does it necessarily follow that the excess was not compensation for services.[6] Section 22(a) includes in the recipient's gross income *all* wages and salaries; Section 23(a)(1)(A) permits the payor to deduct as a business expense only a *reasonable* allowance for services actually rendered. Normal bargaining between employee and employer may be depended upon to conform the one's tax liability under Section 22(a) to the other's tax benefit under Section 23(a)(1)(A). But in particular instances, and they are not infrequent, deviations from the standard [7] fixed in Section 23(a)(1)(A) occur, for ordinarily nothing prohibits the parties from agreeing upon any wage, without limit. Accordingly, while amounts paid as compensation for services may be income in their entirety to the employee, they are not *a fortiori* entirely deductible by the employer.[8] We think it clear, therefore, that the disallowance of the deductions claimed by Smith in the circumstances related did not, without more, convert to gifts the excess paid to the plaintiffs.

As stated, the contention of the plaintiffs here is that the sums disallowed as deductions to their father are gifts to them. Although receipts cannot be both income and gifts, whether the receipts are gifts is primarily a question of fact to be resolved upon the peculiar circumstances of the case. Bogardus v. Commissioner, 1937, 302 U.S. 34, 58 S.Ct. 61, 82 L.Ed. 32; Commissioner v. Jacobson, 1949, 336 U.S. 28, 51, 69 S.Ct. 358, 93 L.Ed. 477. Whether a gift is effectuated depends upon the real intent of the parties as disclosed by the facts.[9] Sportswear Hosiery Mills v. Commissioner, 3 Cir., 1942, 129 F.2d 376, 382; Thomas v. Commissioner, 5 Cir., 1943, 135 F.2d 378; Willkie v. Commissioner, 6 Cir., 1942, 127 F.2d 953; Fisher v. Commissioner, 2 Cir., 1932, 59 F.2d 192.

In the instant case, the evidence convinces us that the payments involved were made without a donative intent; it establishes that they were given and received as salaries. The plaintiffs, who did not testify, obviously considered the sums received as compensation, for they reported them as such on their income tax returns. The plaintiffs' father, in his testimony, referred to the payments as salaries; he stated that at the time the payments were made he thought they were salaries, not gifts; he claimed their full deduction on his income tax returns as salaries paid in the course of business; he actively sought allowance of the full amount of the payments as reasonable salaries both within the Bureau of Internal Revenue and before the Tax Court.[10] He only came to

5. Regulations 103, § 19.23(a)-7. See Fleischer v. Commissioner, 8 Cir., 1946, 158 F.2d 42; Twin City Tile & Marble Co. v. Commissioner, 8 Cir., 1924, 32 F.2d 229. Current Regulations 111, 29.23(a)-7 are of like import.

6. See Laurie v. Commissioner, 1949, 12 T.C. 86.

7. Regulations 103, § 19.23(a)-6, now Regulations 111, § 29.23-(a)-6; See the cases collected in 51-1 C.C.H. Fed. Tax Reporter, Par. 161.269-161.284.

8. Reasonableness is a question of fact. Sportswear Hosiery Mills v. Commissioner, 3 Cir., 1942, 129 F.2d 376, 378; the burden of proof of reasonableness is upon the person seeking the deduction. Glenshaw Glass Co., Inc. v. Commission-

er, 5 T.C.M. 864, affirmed, 3 Cir., 1947, 175 F.2d 776, certiorari denied 333 U.S. 842, 68 S.Ct. 660, 92 L.Ed. 1126.

9. As to cases utilizing a presumption that amounts paid by an employer to an employee are paid and received as compensation for services, see Poorman v. Commissioner, 9 Cir., 1942, 131 F.2d 946; Willkie v. Commissioner, 6 Cir., 1942, 127 F.2d 953; Walker v. Commissioner, 1 Cir., 1937, 88 F.2d 61; also, see Bausch's Estate v. Commissioner, 2 Cir., 1951, 186 F.2d 313.

10. It has been held that the act of the employer in claiming a tax deduction negates the intent to make a gift: Willkie v. Commissioner, supra, note 9; Fisher v. Commissioner, 2 Cir., 1932, 59 F.2d 192; Noel v. Parrott, 4 Cir.,

consider the payments as gifts when he failed to convince the Commissioner that they were not excessive compensation. It was then that he filed gift tax returns, upon the specious assumption that since "the government said it wasn't salary; it was something else. The next closest would be a gift."[11] While it does not fully appear on what basis the plaintiffs' salaries were calculated, Smith testified that he paid them a certain amount each week, and "a. little more" toward the end of each year. But the mere fact that the payments were voluntary does not establish them as gifts.[12]

The filial relationship is, of course, a fertile ground for the blossoming of the donative intent, and where it exists, the burden of proving a gift would seem to be easier. Wood v. Commissioner, 1946, 6 T.C. 930. But viewing this record as a whole, it is clear to us that Smith only intended to reward his daughters for the services they rendered to him. The evidence shows only a liberal return for valuable consideration, and an absence of circumstances establishing that gifts were made or intended on either side.

Accordingly, we conclude that the court below was in error in holding that since the payments made to the taxpayers were disallowed to their father as deductions, such payments must have been gifts as a matter of law. We conclude also, that the determination of the district court, that the payments in excess of the deductions permitted to the taxpayers' father were gifts, to the extent it is a finding of fact, is clearly erroneous. United States v. U. S. Gypsum Co., 1948, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746.

For the reasons stated, the judgment of the district court will be reversed.

---

1926, 15 F.2d 669, certiorari denied 273 U.S. 754, 47 S.Ct. 457, 71 L.Ed. 875.

11. Notes of testimony, page 21.

12. Old Colony Trust Co. v. Commissioner, 1929, 279 U.S. 716, 730, 49 S.Ct. 499, 73 L.Ed. 918; Bausch's Estate v. Commissioner, supra, note 9; Nickelsburg v. Commissioner, 2 Cir., 1946, 154 F.2d

70; Poorman v. Commissioner, supra, note 9; Sportswear Hosiery Mills v. Commissioner, supra, note 8, at 129 F. 2d page 382; Walker v. Commissioner, 1 Cir., 1937, 88 F.2d 61; Botchford v. Commissioner, 9 Cir., 1936, 81 F.2d 914, 916, 110 A.L.R. 281. As to bonuses, see Regulations 103, § 19.23(a)–8, now Regulations 111, § 29.23(a)–8.