Leon D. Hubert, Jr., and May B. Hubert, Husband and Wife, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 37678.    Promulgated April 28, 1953.

Robert Weinstein, Esq., and Albert Mintz, Esq., for the petitioners.
D. Louis Bergeron, Esq., for the respondent.

OPINION.

ARUNDELL, *Judge:* It is clear that petitioner rendered valuable services in the taxable year 1948 to the Louisiana State Law Institute.

It is equally clear that the $1,000 received by petitioner in that year from the institute was paid to him by reason of the fact that he had rendered such services. We hardly need the citation of authority at this late date to establish that compensation for personal services constitutes taxable income within the meaning of section 22 of the Internal Revenue Code. As so aptly stated by Mr. Justice Holmes in *Irwin* v. *Gavit*, 268 U. S. 161, 166, (a case in which the Court rejected the contention that certain payments there involved did not constitute income) :

If these payments properly may be called income by the common understanding of that word and the statute has failed to hit them it has missed so much of the general purpose that it expresses at the start. Congress intended to use its power to the full extent. *Eisner* v. *Macomber*, 252 U. S. 189, 203.

But, petitioner contends that the $1,000 payment constitutes a gift specifically excludible under section 22 (b) (3) of the Code. In considering this contention, it is well to bear in mind that the money paid to petitioner was in accordance with a uniform practice of the institute to pay a fixed sum annually, in quarterly installments, to all of its reporters. These payments are admittedly made to the reporters as a class because they are called upon to perform an unusual amount of work and give a good deal of their time. Petitioner had received identical sums in 1946 and 1947 and could anticipate that amount each year he served so long as the institute's policy remained unchanged. The conclusion is inescapable that it was the intention of the institute to at least partially compensate the reporters by the payments made. The fact that the sum paid was inadequate reward considering the value of the services performed, does not negate the intention of the institute to compensate the reporters.

Petitioners rely heavily on the contention that the Louisiana State Law Institute was under no obligation, legal or otherwise, to make any payment to petitioner. Even so, it is now settled law that a payment may be compensation for services rendered although made voluntarily and without legal obligation. *Willkie* v. *Commissioner*, 127 F. 2d 953, certiorari denied 317 U. S. 659, *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716. In *Bogardus* v. *Commissioner*, 302 U. S. 34, the recipient of the payment had rendered no service to the payor company.

It is our opinion that the payment in question constituted compensation for professional services rendered by petitioner and is includible in his gross income under section 22 (a) of the Internal Revenue Code. The deficiency as determined by the respondent must stand.

*Decision will be entered for the respondent.*