Edward F. WEBBER, Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

Edward F. WEBBER and Lelia Vesta
Webber, Petitioners,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

Nos. 4994, 4995.

United States Court of Appeals,
Tenth Circuit.

Feb. 9, 1955.

David C. Shapard and Charles E.
Brace, Oklahoma City, Okl., for peti-
tioners.

Dudley J. Godfrey, Jr., Washington,
D. C. (H. Brian Holland, Asst. Atty.
Gen., and Ellis N. Slack and Morton K.
Rothschild, Special Assts. to Atty. Gen.,
on the brief), for respondent.

Before PHILLIPS and MURRAH,
Circuit Judges, and SAVAGE, District
Judge.

MURRAH, Circuit Judge.

These are petitions for review of deci-
sions of the Tax Court 21 T.C. 742, in-
volving the single question whether
amounts received by taxpayer petition-
ers from radio listeners in response to

solicitations, constituted taxable gross income under Sec. 22(a) of the 1939 Internal Revenue Code, 26 U.S.C. § 22(a), for personal services, or nontaxable gifts under Sec. 22(b) (3), 26 U.S.C. § 22(b) (3).[1] The Tax Court affirmed the deficiency determinations of the Commissioner for the years 1948, 1949, and 1950, holding the amounts in question taxable income and not gifts. The question is presented on a stipulation of facts and attached exhibits to the effect that:

Petitioner Edward F. Webber is an ordained minister who with the assistance of his wife, Petitioner Lelia Vesta Webber, since 1934 has conducted non-sectarian religious programs over various radio stations in Oklahoma, Texas, Iowa and Arkansas. In response to announcements, requests and solicitations made on these programs, radio listeners mailed funds to the Petitioners, who personally made bookkeeping entries of the receipts in five categories set up on their books as follows: (A) For support of radio program; (B) For support of mission, or relief funds; (C) Undesignated contributions; (D) For sale of Bibles, books, etc.; (E) For Edward F. and Lelia Vesta Webber personally. The taxpayers returned Category A as taxable income less offsetting deductions; sums under Category B were not returned since taxpayers concededly served merely as a conduit for their receipt and disbursement; they returned Category C in full as taxable income; and likewise reported Category D as taxable income less offsetting deductions. Sums received and entered under Category E are controverted and constitute the bases of the deficiency determinations. The taxpayers did not return the controverted receipts as taxable income on the theory that they were contributed to taxpayers by their listeners as personal gifts, prompted purely by generous motives, without moral or legal obligation or anticipated benefit to the donors.

The Tax Court found that the Petitioners' radio programs constituted a business for profit; that all amounts received in the regular course of that business and classified by the Petitioners under Category C (undesignated contributions) and Category E (for Petitioners personally) constituted compensation for services and gross income under Sec. 22(a). In so holding, the Tax Court noted the absence of any showing that any listener intended his contribution as a gift to the Petitioners personally.

 The determination of the taxable nature of monies received depends largely upon the real intent of the parties, particularly the payor, as disclosed by the peculiar facts and circumstances surrounding the questioned payments. Bogardus v. Commissioner, 302 U.S. 34, 58 S.Ct. 61, 82 L.Ed. 32; Helvering v. National Grocery Co., 304 U.S. 282, 289, footnote 5, 58 S.Ct. 932, 82 L.Ed. 1346; Commissioner of Internal Revenue v. Jacobson, 336 U.S. 28, 69 S.Ct. 358, 93 L.Ed. 477; Fisher v. Commissioner, 2 Cir., 59 F.2d 192; Bass v. Hawley, 5 Cir., 62 F.2d 721; Willkie v. Commissioner, 6 Cir., 127 F.2d 953; Thomas v. Commissioner, 5 Cir., 135 F.2d 378; Smith v. Manning, 3 Cir., 189 F.2d 345. In absence of an expressed donative intent of the payor, the Tax Court may draw reasonable inferences from the facts surrounding the payments, and if there is a reasonable basis for its conclusion that the payments were compensatory rather than donative, we have no alternative but to affirm its decision, Botchford v. Commissioner, 9 Cir., 81 F.2d 914, 110 A.L.R. 281; Poorman v. Commissioner, 9 Cir., 131 F.2d 946. There is no presumption in favor of a

---

1. "§ 22. Gross income.

"(a) General definition. 'Gross income' includes gains, profits, and income derived from * * * compensation for personal service, of whatever kind and in whatever form paid. * * *

"(b) Exclusions from gross income. The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

\* \* \* \* \* \* \*

"(3) [As amended by Sec. 111(a), Revenue Act of 1942, c. 619, 56 Stat. 798.] Gifts, bequests, devises, and inheritances. The value of property acquired by gift * * *."

gift, and the taxpayer has the burden of proving the donative intention of the payor. Botchford v. Commissioner, supra. If payments were made in consideration for services rendered, compensatory intent is conclusive even in absence of legal duty to pay and economic benefit to the payor. Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918; United States v. Robertson, 10 Cir., 190 F.2d 680, affirmed 343 U.S. 711, 72 S.Ct. 994, 96 L.Ed. 1237; Fisher v. Commissioner, supra; Willkie v. Commissioner, supra. And consideration negates the essential element of a gift. Noel v. Parrott, 4 Cir., 15 F.2d 669; Botchford v. Commissioner, supra; Nickelsburg v. Commissioner, 2 Cir., 154 F.2d 70.

■ In their petitions to the Tax Court, the taxpayers alleged that the funds entered under Category E were designated as gifts by the donors. This was specifically denied by the Commissioner in his answers. But the only evidence before the Tax Court consisted of a stipulation of facts to the effect that the Petitioners received the funds and personally opened the letters classifying the amounts received into one of the five categories, and an exhibit showing a monthly breakdown of funds placed in Category E. Attention was called to the larger receipts in that category during the husband's birthday month, the Petitioners' wedding anniversary month, and the month of December, and this is said to manifest a donative intent. For the first time in their brief on petitions to review the decisions of the Tax Court, Petitioners state that the contributions in question were accompanied by notes or letters setting out the intent of the donors to make personal gifts, the letters generally expressing felicitations and good will or a love offering. It is suggested that the donors were not encouraged to make gifts with any promise that the programs would be continued; that when the gifts were made to them, it was through love of the donors for Christianity and their fellowman.

None of the letters from listeners were presented in evidence and none of the contributors were called upon to testify concerning their intent, motives or impulses; nor were the terms and substance of the requests and solicitations for funds presented on the record to show a request for gifts as such. There is no evidence tending to show that the contributions were referred to as gifts; or that any of the contributors knew the Petitioners personally or had any personal relationship with them which would form the basis for personal gifts as distinguished from contributions to the perpetuation of the programs which the contributors enjoyed and desired to financially support.

Indeed there is nothing in this record to indicate the essential donative intent except the self-serving bookkeeping entries of the taxpayers based upon their interpretation of the contributors' letters of transmittal. It may be conceded that the classifications were made by the Petitioners with scrupulous care, even to the point of resolving all doubt against donative intent; but even so, the taxpayers are not the final arbiters of what constituted requisite intent. That is a question first determinable by the Commissioner, and indulging in the presumptive correctness of the Commissioner's determination, neither the Tax Court nor this court will assay to overturn it in the absence of some evidence other than the naked judgment of the taxpayers.

Moreover, the facts show without dispute that since 1934 Petitioners have earned their living by means of these religious programs; that the nature of the business was to solicit funds for the maintenance of the programs, including personal compensation for the Petitioners. Certainly we cannot take the word of the Petitioners in the face of factual and legal presumptions we are bound to honor.

■ At the bar of this court we were entreated to remand the case to allow presentation of additional evidence of donative intent. But since such evi-

dence was admittedly available for introduction before the Commissioner and the Tax Court, we think the oral motion comes too late. See Athens Roller Mills v. Commissioner, 6 Cir., 136 F.2d 125, 128.

The decisions are affirmed.