OPINION. Keen, Judge: Petitioners’ position with regard to the only issue presented by the pleadings in this case is adequately indicated by the following quotation from their brief: According to the statement made by David Alter in his book, “1957 Minister’s Income Tax Guide” (pages 81 and 82) it appears that until June, 1955, the Internal Revenue Service had generally held that payments due retired ministers as above, constituted compensation; but in view of the fact that the Appelate [sic] Courts almost uniformly rejected this position of the Internal Revenue Service and the Tax Court, the Internal Revenue Service' in' 1955 announced that it would not seek to tax payments which meet all of the following criteria: “1. The payments are not made pursuant to an enforceable agreement between the minister and the church, or pursuant-' to an established plan or thé past practice, .of the church. “2. The payments are not made for any future service to be rendered by the minister. “3. The payments shall not be for services rendered by the minister in the past, but shall be primarily related to the .financial position of the church and the needs of the minister.” As stated above, there is no enforceable agreement between the minister and the Ghurch as to the payment of any specific sum, and while the Methodist Church must necessarily adopt a plan whereby there is an annual meeting at which it is determined what amount has been collected and how it should be paid, this plan, as above pointed out, is on a voluntary basis and is not a matter of contract, and distribution of the fund is primarily related to the financial position of the Church and the required needs of its retired ministers. The 1955 announcement of the Internal Revenue Service referred to in petitioners’ brief is Rev. Rul. 55-422, 1955-1 C.B. 14, which reads as follows: Advice has been requested whether the Internal Revenue Service will continue to litigate issues similar to those involved in Charles Schall et ux. v. Commissioner, 174 Fed. (2d) 893; Andrew Mutch v. Commissioner, 209 Fed. (2d) 390; Kavanagh v. Abraham M. Hershman et at., 210 Fed. (2d) 654; and William S. Abernethy et at., v. Commissioner, 211 Fed. (2d) 651, all involving the question whether payments on an annual or monthly basis to a retired minister or rabbi, authorized for an indefinite period by his congregation at or about the time of his retirement, were taxable as additional compensation for past services or constituted gifts exempt under section 22(b)(3) of the 1939 Code. The same problem arises under section 102 of the 1954 Code, which excludes gifts from gross income. In the cited cases the payments were not made in accordance with any enforceable agreement, established plan, or past practice; the recipient did not undertake to perform any further services for the congregation and was not expected to do so; there was a far closer personal relationship between the recipient and the congregation than is found in lay employment relationships; and the available evidence indicated that the amount paid was determined in the light of the financial position of the congregation and the needs of the recipient, who had been adequately compensated for his past services. The decisions in the cited cases, to the effect that the amounts involved were exempt gifts rather than taxable income, are accepted by the Service on their particular facts. In other cases involving payments to retired ministers or rabbis under similar circumstances the amounts paid will accordingly be treated as gifts excludable from gross income under section 102 of the 1954 Code. In the instant case the pension payments were made in accordance with the established plan and past practice of The Methodist Church, there was no close personal relationship between the recipient petitioners and the bulk of the contributing congregations, and the amounts paid were not determined in the light of the needs of the individual recipients. In our opinion, the cases upon which petitioners’ cited text evidently relies are not controlling or persuasive on the facts presented herein. It is our conclusion that the pension payments received by petitioner were not gifts but were additional compensation for past services and constituted taxable income to him. The fact that The Methodist Church was under no legally enforcible obligation to make these payments does not preclude us from reaching this result. Webber v. Commissioner, 219 F. 2d 834, 836. There are vague intimations in petitioner’s opening statement and in his reply brief that he is aggrieved by some other action of the respondent having to do with the computation or collection of the taxes here involved but these are never made clear. However, no issue with regard thereto has been raised by the pleadings. Neither has petitioner made any contention that the amount of the pensions taxable to him as income should be diminished by reason of any contributions he may have made to their cost, nor has he shown the amount of such contributions. The only issue presented by the pleadings has to do with the taxability to him of the pension payments and this is the only issue we can and do decide. Decision will be entered for the respondent.