CORNELL M. JONES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jones v. Commissioner
Docket No. 36601-86
United States Tax Court
T.C. Memo 1991-160; 1991 Tax Ct. Memo LEXIS 179; 61 T.C.M. (CCH) 2379; T.C.M. (RIA) 91160; April 9, 1991, Filed *179 Decision will be entered for the respondent. Mark J. Rochon, for the petitioner. Dianne I. Crosby, for the respondent. TANNENWALD, Judge. TANNENWALD
SUPPLEMENTAL MEMORANDUM OPINION This case is before us on respondent's motion for entry of decision as a result of the reversal and remand of our prior decision (T.C. Memo 1988-373) by the United States Court of Appeals for the Tenth Circuit (903 F.2d 1301 (10th Cir. 1990)). Our decision resulting from our aforementioned Memorandum Opinion was entered on August 18, 1988, and decided that there was a deficiency and were additions to tax as follows: Additions to the Tax Under Secs. Year
Income Tax
6651(a)(1) [1]
6653(a)(1)
6654
6661
1985
$ 16,490,402
$ 1,649,040
$ 824,520
$ 2,507
$ 1,649,040
On September 8, 1988, petitioner filed a notice of appeal from our decision. On October 14, 1988, we entered *180 an order reciting that we had erred as to the amount of the addition to tax under section 6651(a)(1), which should have been $ 4,122,601, and had inadvertently omitted the addition to tax under section 6653(a)(2) in an amount equal to 50 percent of the interest due on $ 16,490,402. The United States Court of Appeals for the Tenth Circuit affirmed our decision insofar as the income tax deficiency is concerned. [2] It noted that respondent conceded that we were without jurisdiction to enter our October 14, 1988, order because a notice of appeal had previously been filed and that respondent contended that we had incorrectly calculated the addition to tax under section 6661 at the rate of 10 instead of 25 percent. The Court of Appeals then went on to state: Because there appears to have been confusion concerning the additions requested by the Commissioner and the appropriate legal standards which apply to those requests, we reverse that part of the Tax Court's decision concerning the additions to the tax deficiency and remand for further proceedings to determine the appropriate additions. [903 F.2d at 1306; emphasis added.]
*181 In his motion for entry of decision under the remand, respondent concedes the section 6661 issue and argues that the only task before us is the calculation of the amounts of the additions to tax under section 6651(a)(1), which respondent asserts is $ 4,122,600.50 (an amount almost identical with the amount set forth in our October 14, 1988 order), and an amount equal to 50 percent of the interest on the income tax deficiency under section 6653(a)(2). Petitioner contends that the opinion of the Court of Appeals requires that we reopen the record in order to take additional evidence on the issues of willful neglect under section 6651(a)(1) and negligence or intentional disregard of rules and regulations under section 6653(a)(1) and (2). In support of his position, petitioner cites what he claims to be ameliorating circumstances stemming from the facts that respondent made a "premature" termination assessment and that petitioner was not represented by counsel at the trial of the case in this Court. We find petitioner's contentions to be without merit. His main contention is based upon the proposition that, since respondent's termination assessment was issued before the due date *182 of the 1985 return, i.e., in January 1986, the situation created a dispute between petitioner and respondent which, until that dispute was settled, at least presumptively precludes a finding that petitioner's failure to file a return on or before April 15, 1986, was due to willful neglect within the meaning of section 6651(a)(1) or that petitioner was negligent or intentionally disregarded respondent's rules and regulations within the meaning of section 6653(a)(1) and (2). In so contending, petitioner ignores the fact that the issuance of the termination assessment in January 1986 is reflected in the findings of fact set forth in our Memorandum Opinion and was therefore an element, albeit unarticulated, in our ultimate decision that petitioner was liable for such additions to tax. Even if this were not the case, petitioner's contention raises issues which could have and should have been raised at trial and cannot be raised at this late date. Webber v. Commissioner, 219 F.2d 834, 836-837 (10th Cir. 1955), affg. 21 T.C. 742 (1954); McCarthy v. Commissioner, 139 F.2d 20, 21 (7th Cir. 1943), affg. an unpublished order of this Court. *183 There is nothing in the opinion of the Court of Appeals which can in any way be interpreted as casting any doubt as to the validity of our prior conclusions that the conditions justifying the additions to tax under sections 6651(a)(1) and 6653(a)(1) and (2) had been satisfied. [3] Indeed, as the previously quoted language from the opinion of the Court of Appeals demonstrates, the case was remanded for the purpose of applying the "appropriate legal standards * * * to determine the appropriate additions." Moreover, the Judgment of the Court of Appeals, after stating that the decision of this Court was affirmed in part and reversed in part, simply provided "The cause is remanded to the United States Tax Courtto enter judgment in accordance with the opinion of this court." (Emphasis added) *184 With respect to petitioner's contention that he was disadvantaged by not having counsel, the record clearly reveals that he was so represented at the opening of the trial but chose to conduct the trial himself despite the admonition of the Court as to the difficulties he might encounter in so doing. Moreover, the quality of the brief which petitioner filed in his own behalf after the trial belies his claim of disadvantage. Respondent's motion for entry of decision will be granted, and Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code as amended and in effect for the year in issue.↩
2. Neither the opinion nor judgment of the Court of Appeals specifically deals with the issue of the addition to tax under section 6654, but the clear inference is that the decision of this Court as to that issue was affirmed and petitioner so concedes.↩
3. Petitioner made the point in his brief in the Court of Appeals that his receipt of the notice of the termination assessment before the due date of the return entitled him "to assume that he did not have to file a return three months later" and consequently should not be held liable for the addition to tax under sec. 6651(a).↩