Booth, Chief Justice,
delivered the opinion of the court:
This tax case is rested upon a ruling of the Commissioner of Internal Revenue with respect to allowable deductions from the gross income of J. Livingston & Company, a New York corporation. The plaintiff is the president of the above corporation and received a salary as such in 1920, $30,000, and in 1921, $23,333.32.
Section 214 (a) of the revenue acts of 1918 and 1921 provides in part as follows:
“ That in computing net income there shall be allowed as deductions:
“ 1. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered.”
Article 105 of Treasury Regulations #45 and #62, interpreting the foregoing statute, reads as follows:
“Among the ordinary and necessary expenses paid or incurred in carrying on any trade or business may be included a reasonable allowance for salaries or other compensation for personal services actually rendered. The test of deducti-bility in the case of compensation payments is whether they are" reasonable and are in fact payments purely for services. This test and its practical application may be further stated and illustrated as follows:
“(1) Any amount paid in the form of compensation, but not in fact as the purchase price of services, is not deductible. (¡a) An ostensible salary paid by a corporation may be a distribution of a dividend on stock. This is likely to occur in the case of a corporation having few stockholders, practically all of whom draw salaries. If in such a case *540 the salaries are based upon or bear a close relationship to the stockholdings of the officers or employees, it would seem likely that the salaries, if in excess of those ordinarily paid for similar services, are not paid wholly for services rendered, but in part as a distribution of earnings upon the stock.”
The commissioner in' auditing the returns of the corporation determined that the salary paid to the plaintiff for the years involved was unreasonable, and declined to allow a deduction from its gross income of the full amount paid, reducing the same as to this plaintiff in the sums of $6,666.68 in 1920 and $6,666.66 in 1921, asserting at the time as a basis for the ruling, in accord with the foregoing regulations, that these sums had been paid the plaintiff from the earnings of the corporation as dividends. The plaintiff thereupon filed a claim for a refund, asking the return to him of $1,162.66, alleging the overpayment of his normal income tax in this amount, due to the ruling of the commissioner that he had received for the years 1920 and 1921, $13,333.34 as dividends from the earnings of the corporation and not as salary.
Section 216 of the revenue act of 1918 provides, in part, as follows:
“ That for the purposes of the normal tax only there shall be allowed the following credits:
“(a) The amount received as dividends from a corporation which is taxable under this title upon its net income.”
Section 216 of the revenue act of 1921 provides:
“ That for the purpose of the normal tax only there shall be allowed the following credits:
“(a) The amount received as dividends (1) from a domestic corporation.”
The commissioner rejected the plaintiff’s refund claim, assigning, among other reasons, that as the sums paid to the plaintiff as salary in 1920 and 1921 bore no relationship to the plaintiff’s proportionate ownership of stock of the corporation they were not deductible as dividends received.
The plaintiff received and returned as income, subject to the normal tax rate, the full amount he received as salary *541 for the years in question, and paid the tax assessed. Whatever else may be said, it is indisputable that the sums paid the plaintiff were, in fact, paid to him as salary, and in no way predicated upon his stock holdings in the corporation. It is true that the commissioner justified the disallowance of the sums here involved, as deductions from the gross income of the corporation, upon the basis of a distribution of earnings, and if in fact and in law the sums paid were dividend distributions, they were under the quoted statutes, payable, so far as the normal tax is concerned, at the source. However, it is at once apparent that the sums received by the plaintiff were not received as dividends, and under the record herein may not be held to be such. It was a voluntary distribution to the plaintiff of a fixed sum as compensation for services rendered, irrespective of ownership of stock, and in nowise calculated upon the basis of a distribution of earnings as a dividend. The commissioner in auditing the tax return of the Livingston corporation was under the law empowered to disallow unreasonable salaries paid to officials of a corporation as deductions from gross to ascertain net income. By so doing he did not convert an actuality into what he may have termed in his rulings as something else. What the law exacted was an audit of the corporation’s returns to ascertain its tax liability, and the commissioner’s ruling did not and could not change what the corporation’s officials actually did into the voting of dividends instead of salaries. Dividends are not declared and paid in the way and manner herein claimed and there is no record of the declaration or payment of any dividends to stockholders whatever.
The corporation paid the plaintiff in cash the sums stated, and the plaintiff received them as salary for the two years involved. Much more might have been paid, if otherwise legal, and the corporation so determined; but obviously the payments so made are subject to the scrutiny of the commissioner, who from all the facts in the case is charged with the duty of ascertaining, notwithstanding payment to the officials, whether deduction of the same is proper under the *542 revenue laws, to the corporation. The commissioner was not concerned with the sums disbursed by the corporation to its officials, except as the returns reflected its gross and net income. If the corporation from its earnings was moved to vote a liberal allowance to an employee or official, predicated in part on service rendered and in part on sentiment or as a bonus, assuredly it may not be said that the recipient receives the same as a dividend. Manifestly the sums received are income and taxable as such.
The vulnerability of the plaintiff’s argument is seemingly attributable to a contention that because the commissioner designated the distribution of the sums involved as dividends they are dividends, notwithstanding the record is in direct conflict therewith.
We discern nothing inconsistent in the result. A corporation’s income-tax return is one proceeding; an individual’s is quite another. If as a matter of proven and acknowledged fact the taxpayer receives $30,000 in one year as a salary and $23,333.32 upon precisely the same circumstances the next year, it is difficult to perceive wherein it falls short of being income as such. It is obvious that the amount paid by the corporation may not be deducted from the gross income of the plaintiff to ascertain this net income upon this single basis when it is admitted by the plaintiff that he actually received the claimed deduction as a salary. The deductions allowable to the individual in his income-tax returns are not necessarily determinable upon the sums allowed a corporation of which he is a salaried official. He like any other taxpayer, must establish his affirmative right thereto by independent proof when seeking to recover an alleged illegal tax exaction. This has not been done.
The petition will be dismissed. It is so ordered.
SiNNOtt, Judge; GeeeN, Judge; Moss, Judge; and Gea-i-iam, Judge, concur.