## BONE v. UNITED STATES.
### No. 152.

District Court, M. D. Georgia, Macon Division.
Feb. 3, 1931.

Charles M. Cork, of Macon, Ga. (Jones, Jones & Johnston, of Macon, Ga., of counsel), for plaintiff.

William A. Bootle, U. S. Atty., of Macon, Ga.

DEAVER, District Judge.

### Findings of Fact.

From the evidence submitted are made the following findings of fact:

1. The plaintiff, J. S. Bone, is a resident of the middle district of Georgia.

2. The amount involved in this suit is less than $10,000.

3. In 1923, 1925, and 1926, the Oconee Brick & Tile Company was a corporation, and its officers were the plaintiff, J. S. Bone, and his three sons, Harry, F. E., and Russell Bone, J. S. Bone being president, Harry Bone general manager of plant No. 1, F. E. Bone secretary and treasurer, and Russell Bone general manager of plant No. 2.

4. The capital stock of said corporation consisted of 400 shares. In 1923, J. S. Bone owned 201 shares, Harry Bone 60 shares, F. E. Bone 60 shares, Russell Bone 59 shares, and R. W. Hatcher 20 shares. In 1925 and 1926, J. S. Bone owned 206 shares, Harry Bone 65 shares, F. E. Bone 65 shares, and Russell Bone 64 shares.

5. For the year 1923 the tax return of the corporation showed salaries paid to its officers as follows: J. S. Bone, $20,000; Harry Bone, $15,000; F. E. Bone, $15,000; Russell Bone, $15,000—a total of $65,000. The Commissioner determined that the total of the salaries was excessive by $25,000 and so notified the taxpayer in a sixty-day letter. An appeal was then taken to the Board of Tax Appeals, and then the corporation and the Commissioner stipulated that $60,000 should be allowed and $5,000 disallowed. Whereupon the Board of Tax Appeals made the following decision: "Under written stipulation, signed by counsel for the parties in the above-entitled proceeding and filed with the Board on January 26, 1929, it is ordered and decided that there is a deficiency for the calendar year 1923 in the amount of $1,107.-25." The tax thus determined was paid by the corporation.

6. For the year 1925, the return of the corporation showed salaries paid to its officers as follows: J. S. Bone $30,000; Harry Bone, $15,000; F. E. Bone, $15,000; Russell Bone, $15,000—a total of $75,000. The Commissioner at first determined that the total of the salaries was excessive by $35,000. Later by agreement with the taxpayer, approved by the Secretary of the Treasury, the Commissioner allowed a deduction of $62,500 and disallowed $12,500. The tax thus determined was paid by the corporation.

7. For the year 1926, the return of the corporation showed salaries paid to its officers as follows: J. S. Bone, $30,000; Harry Bone, $15,000; F. E. Bone, $15,000; Russell Bone, $15,000—a total of $75,000. The Commissioner at first determined that the total of the salaries was excessive by $35,000. Later by agreement with the taxpayer, approved by the Secretary of the Treasury, the Commissioner allowed a deduction of $62,500

and disallowed $12,500. The tax thus determined was paid by the corporation.

8. For each of the years 1923, 1925, and 1926, the plaintiff, J. S. Bone, in his individual tax return reported the salary received by him from the corporation as salary and paid the tax accordingly.

9. The salaries paid to the officers did not "correspond or bear a close relationship to the stock holdings of the officers."

10. The salaries were paid by the corporation and received by the officers as salaries for services and not as a dividend or distribution of earnings.

11. Even if the plaintiff were otherwise entitled to recover, the evidence discloses no definite data from which to compute the amount of the recovery.

Of the foregoing findings of fact, only the last three need be discussed.

The evidence as to the number of shares owned by each officer and the amount of salary paid to each officer is undisputed, and, from a comparison of the figures, it appears that there is no close relationship between the salaries and the stockholdings. Moreover, the plaintiff, who was president and who by authority of the corporation fixed the salaries, testified that he did not fix them upon the basis of stock ownership.

If all the stock of a corporation is held by members of a family who are its officers, and the corporation distributes to those officers most of its earnings in the form of excessive salaries, it might be reasonable, in the absence of other evidence, to conclude that the corporation made such payments under the name of salaries in order to lessen its income tax when they were not in fact salaries, but were in part a distribution of earnings in the nature of dividends. But such an inference can not support a finding of fact in favor of the plaintiff, when the plaintiff's own evidence is to the contrary. In this case, the corporation on its books carried the payments to officers as salaries, and in its tax return reported them as salaries. The plaintiff, in his individual tax return, reported the payments to him as salary. He took the position before the Commissioner and the Board of Tax Appeals that the payments were salaries, and that the salaries were in fact reasonable. And even now he testifies consistently that he fixed the salaries not because of stock ownership, but because he thought the services were worth the amount paid. Plaintiff's oral and documentary evidence is in substance that the salaries were actually paid and received as salaries and not as dividends.

In view of the evidence, the effect of plaintiff's contention must be that, if plaintiff's salary was determined by the Commissioner or the Board of Tax Appeals to be excessive so far as the corporation was concerned and was disallowed in part, then the plaintiff ipso facto is entitled to report as dividends the part so disallowed, even though actually paid and received as salary. But even if that were true, plaintiff, in order to recover, would still have to show how much of his salary was disallowed, and not simply how much of the total salaries of four officers was disallowed.

Earnings of a corporation distributed to its stockholders, though not in exact proportion to the stock owned, may in certain circumstances be regarded as dividends for tax purposes. See section 201, Revenue Act 1926 (26 USCA § 932); Reg. 74 Art. 127; Hadley v. Commissioner (App. D. C.) 36 F. (2d) 543. But if a payment to a stockholder who is an officer is in part salary and in part dividend, and the dividend does not correspond exactly to the amount of stock owned, then the burden is on the plaintiff to show how much was salary and how much dividend. The Commissioner in determining the amount of the corporation tax decided that the total salaries of four officers were excessive by a certain amount, but he did not determine how much of the salary paid to plaintiff should be allowed and how much disallowed. The corporation, through its officers, one of whom was plaintiff, agreed with the Commissioner upon the determination of the tax liability, which agreement involved the disallowance of a lump sum from the total salaries of four officers. In so doing they may have rendered plaintiff's case difficult of proof, but did not render proof unnecessary.

### Conclusions of Law.

1. Where a corporation pays to an officer an excessive salary, the Commissioner or the Board of Tax Appeals may disallow the excess in determining the tax of the corporation, and such disallowance does not decide that the excess was paid as dividends so as to render that question res adjudicata between the government and such officer as respects his individual tax liability.

2. Where an excessive salary is paid by a corporation to an officer, who is a stockholder, and it does not correspond or bear a close relationship to his stockholdings, and the excess is disallowed in fixing the tax lia-

1012

bility of the corporation, such excess will not be regarded as a dividend in the hands of the stockholder, where the evidence shows that the salary was in fact paid and received as salary for services and not as a dividend.

3. Where an excessive salary is paid by a corporation to an officer, who is a stockholder, and the excess is disallowed in fixing the tax liability of the corporation and the stockholder in his individual tax return reports the salary as salary and pays the tax accordingly and then files a suit against the United States to recover a part of the tax on the ground that the excess should have been reported by him as a dividend, then, even if the evidence shows that the salary corresponds to his stockholdings and does not disprove that the excess is a dividend, still the burden is on the plaintiff to show how much of his salary was disallowed and is not carried by proof that the combined salaries of four officers, including the plaintiff, aggregated a certain amount, and that a given lump sum was disallowed.

The law applied to the facts as found does not authorize a recovery by the plaintiff.

Whereupon, it is considered, ordered, and adjudged that the defendant do have and recover of the plaintiff the costs of this proceeding to be taxed by the clerk of this court.