REYNARD CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FONTAINE FOX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 67386, 70795, 71084. Promulgated April 20, 1934.

*Charles E. Kelley, Esq.*, for the petitioners.
*B. U. Steele, Esq.*, for the respondent.

OPINION.

MARQUETTE: At the hearing counsel for petitioners conceded that the premises occupied by Fox had a fair rental value of $3,000 a year, but no more, and asserted that this amount should be included in Fox's gross income as additional compensation and not as a dividend. We have found the value to be as claimed. In reaching this conclusion we have disregarded the fact that Fox spends about five months of each year in Florida, for the reason that the premises were his to occupy whenever he chose. On the other hand, the evidence shows that the residence was not built for rental purposes, but for the use of Fox according to his individual artistic tastes and at a cost in excess of that of an ordinary house of its size and construction. Taking into consideration these facts, the location of the property, and the further fact that the studio was the workshop of the corporation, and the occupancy thereof by its officer and the producer of its income was occupancy by it and not by Fox, the individual, we have arrived at a fair rental value of $3,000 a year. This is also the value placed on the use of the premises by a real estate agent who was thoroughly familiar with the property and whose testimony is uncontradicted.

While the occupancy of the studio by Fox was that of the corporation, the residence was occupied by him as an individual, and the fair rental value of its use was taxable income to him. *Ralph Kitchen*, 11 B.T.A. 855. See section 213 (b) (11) of the Revenue Acts of 1921, 1924, and 1926, and section 22 (b) (8) of the Revenue Act of 1928.

The respondent has treated this income as additional compensation in one year and as a dividend in the next. We think he was right in his first determination. The residence was built not for the temporary use of Fox, but for his use at all times, and this irrespective of whether the corporation had a surplus or made earnings and profits. It would be anomalous to hold that when there was sufficient surplus the value of the right of occupancy constituted a dividend, and when there was no such surplus the value of the right was additional compensation. The value of this occupancy was clearly additional compensation and should be so taxed to Fox, and it matters not whether the corporation is or is not entitled to a further deduction on account of the increased compensation arising from this occupancy. *Mary B. Brauer et al., Executors*, 6 B.T.A. 579; *Hayner* v. *United States*, 62 Ct. Cls. 189; *Livingston* v. *United States*, 67 Ct. Cls. 536.

The respondent has also included the rental value of the premises in the gross income of the petitioner corporation, apparently upon the theory of constructive receipt. In this we think he was in error, and such rental value should be excluded in recomputing the tax of the corporation.

The corporation is not entitled to a further deduction on account of this additional compensation unless it has shown that the total salary of $33,000 constituted a reasonable compensation for its president. Sec. 23 (a) of the Revenue Act of 1928. *Botany Worsted Mills* v. *United States*, 278 U.S. 282. While the respondent is raising no question as to the reasonableness of the $30,000 salary, he has denied to the corporation the right to deduct an additional $3,000 as compensation, resulting from the occupancy of the premises in the first year by its president, and has evidently reached the same conclusion as to the second year, as there he has determined the rental value to be a dividend. As opposed to respondent's determinations we have no evidence that the salary thus increased is still reasonable. It is true, as was stated at the hearing by counsel for the petitioners, that in a previous year, not well identified, such a deduction was taken by the corporation and allowed. But the respondent had the right and it was his duty to change his determination if the facts, in his judgment, so required. *Botany Worsted Mills* v. *United States*, *supra;* *Holmquist* v. *Blair*, 35 Fed. (2d) 10. Here the respondent has altered his determination, but the burden of proof remained on the petitioner. *Austin Co.* v. *Commissioner*, 35 Fed. (2d) 910. In our opinion the petitioner has not met this burden and the corporation should not be permitted to take as a deduction the additional $3,000 compensation to its president.

The corporation is entitled to take as a deduction depreciation on the buildings, both of which were used in its business, the one to furnish a residence to its president, and the other as a shop or office. Sec. 23 (k), Revenue Act of 1928. We have found the normal life of the residence to be 25 years. Counsel for the respondent stated at the hearing that there was no dispute as to the basis for the computation of depreciation. This will be settled under Rule 50.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

---

Leech, dissenting: The majority opinion, although it approves the charging of the petitioner, Fox, with additional compensation for the rental value of the corporation's residence which he used during the taxable years, reverses the action of the respondent in including this identical rental value in the corporation's income for the same

years. I think the decision upon this latter action inconsistent with the former and erroneous. This amount, recognized as compensation to Fox from the corporation, must be treated as having been constructively paid *to* the corporation as rental, and therefore taxable income, to it, *before* it can be held to have been paid *by* the corporation to Fox. Cf. *Burnet* v. *Wells*, 289 U.S. 670.

SEAWELL agrees with this dissent.