The **ZEUNEN CORPORATION, a Michigan Corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 22281.

United States District Court
E. D. Michigan, S. D.
Jan. 16, 1964.

Sebastian A. Buffa, Detroit, Mich., for plaintiff.

Lawrence Gubow, U. S. Dist. Atty., Robert F. Ritzenhein, Asst. U. S. Dist. Atty., Detroit, Mich., Louis F. Oberdorfer, Asst. U. S. Atty. Gen., Edward S. Smith, David A. Wilson, Jr., Donald R.

Anderson, Attys., Dept. of Justice, Washington, D. C., for defendant.

MACHROWICZ, District Judge.

Plaintiff corporation filed this action against the United States of America, for a refund of internal revenue taxes paid on amounts allegedly erroneously reported as income resulting from moneys so received from Master Products, Inc., its parent organization.

The complaint alleges that plaintiff was a wholly-owned subsidiary of the Master Products, Inc., and that it received from its parent organization income from the rental of its industrial plant as follows:

(a) in the fiscal year ending July 31, 1957, Eleven Thousand Ninety-seven and 10/100 Dollars, ($11,097.10), on which it paid paid a tax of Three Thousand Three Hundred Twenty-nine and 13/100 Dollars, ($3,329.13);

(b) in the fiscal year ending July 31, 1958, Seventeen Thousand Six Hundred Forty-nine and 39/100 Dollars, ($17,649.39) on which it paid a tax of Five Thousand Two Hundred Ninety-four and 82/100 Dollars, ($5,-294.82);

(c) in the fiscal year ending July 31, 1959, Twelve Thousand Seven Hundred Eighty-seven and 29/100 Dollars, ($12,787.29), on which it paid a tax of Three Thousand Eight Hundred Thirty-six and 19/100 Dollars, ($3,836.19).

As a result of a United States Internal Revenue audit completed in October, 1960, the following amounts were disallowed as rental expense as excessive:

(a) for the fiscal year ending July 31, 1957, Four Thousand One Hundred Ninety-four and 77/100 Dollars, ($4,194.77)

(b) for the fiscal year ending July 31, 1958, Eleven Thousand Three Hundred Thirty-five and 14/100 Dollars, ($11,335.14)

(c) for the fiscal year ending July 31, 1959, Eight Thousand Two Hundred One and 75/100 Dollars, ($8,201.75)

This resulted in the following amounts of income tax allegedly overpaid as follows:

(a) for the fiscal year ending July 31, 1957, One Thousand Two Hundred Fifty-eight and 28/100 Dollars, ($1,258.28)

(b) for the fiscal year ending July 31, 1958, Three Thousand Four Hundred and 54/100 Dollars, ($3,400.54)

(c) for the fiscal year ending July 31, 1959, Two Thousand Four Hundred Sixty and 53/100 Dollars, ($2,460.53).

Plaintiff contends that it may exclude from its reported income rent received by it to the extent that the deduction of that rent by its lessee was disallowed as excessive in amount and was subsequently refunded by the taxpayer to its parent corporation. Defendant denies that plaintiff may do so and contends that this excess item was properly included in plaintiff's income, even though the lessee was not allowed the full deduction and though in a subsequent year plaintiff refunded the excess to the lessee.

A claim filed by plaintiff for refund of these amounts was disallowed by the Internal Revenue Department. Plaintiff therefore seeks a refund of Eight Thousand Five Hundred Forty-two and 05/100 Dollars, ($8542.05) with interest.

A stipulation of facts and supplement thereto was filed by the parties hereto, acknowledging the facts to be as stated above, and that the Master Products, Inc. accepted the adjustments based on the audit.

The matter was submitted to the Court on the Stipulation of Facts, the briefs of the parties and oral argument thereon.

### ISSUES OF LAW

The question presented is whether the taxpayer may exclude from its reported income rent received by it to the extent that the deduction of that rent by its lessee was disallowed as excessive in amount and was subsequently refunded by the taxpayer.

Section 61 of the Internal Revenue Code of 1954 (26 U.S.C. § 61(a) (5) defines gross income as "all income from whatever source derived, including (but not limited to) * * * [r]ents". The total amount received by the plaintiff from its parent corporation as rent, was therefore properly included by it as gross income. There is no authority to exclude it from the plaintiff's income because it was later found to be excessive and refunded to the lessee, plaintiff's parent corporation.

"There is no necessary correlation between the payor's right to a deduction for a payment and the taxability of the payment to the recipient." 1 Mertens, Law of Federal Taxation (1962) Sec. 6.02.

In Smith v. Manning, 3 Cir., 189 F.2d 345 (3rd Cir. 1951), the Court considered taxpayers' petition for a refund of taxes paid on moneys received from their father as salaries and reported as such. The Commissioner subsequently disallowed the deduction by the father of these payments, on the grounds that they were held to be unreasonable compensation for services rendered by the taxpayers. The taxpayers contended that in view of the ruling, the amounts received by them from the father must be considered non-taxable gifts and the tax paid on them should be refunded to the taxpayers.

In rejecting this claim the Court referred to the language in Helvering v. Clifford, 309 U.S. 331, 334, 60 S.Ct. 554, 84 L.Ed. 788 when in commenting on the language of Sec. 22(a) of the Internal Revenue Code of 1939 (now Sec. 61(a) of the Internal Revenue Code of 1954), the Court said:

"The broad sweep of this language indicates the purpose of Congress to use the full measure of its taxing power within those definable cate-

:gories. * * * Hence our construction of the statute should be consonant with that purpose".

In the Smith v. Manning case (supra), the Court followed with this statement (189 F.2d pgs. 347–348):

"But the allowance of tax benefits is a matter of legislative grace, in practice held closely confined. It is obvious, from a comparison of Section 22(a) and Section 23, that a determination of non-deductability under the latter does not conclude the issue of gross income under the former. We all know that we have items of expense which, when paid, are includible in the payee's gross income, but which are not deductible to us".

The plaintiff herein cannot successfully contend that because it refunded the income in subsequent years to the lessee, it was not properly included in the income and that therefore the tax paid on it is refundable. It did receive the rents under a claim of right and with no restrictions as to their disposition by it.

In Healy v. Commissioner of Internal Revenue, 345 U.S. 278, on page 282, 73 S.Ct. 671, on page 674, 97 L.Ed. 1007, the Court said:

"There is a claim of right when funds are received and treated by a taxpayer as belonging to him. The fact that subsequently the claim is found to be invalid by a court does not change the fact that the claim did exist. A mistaken claim is nonetheless a claim."

In Simon v. Commissioner, 11 T.C. 227, rental received by a taxpayer based on a percentage of the gross sales was refunded to the lessee on the basis of the Commissioner's determination that it was unreasonable in amount. In denying the taxpayer's claim for a credit for the amount refunded, the Court said: (Pp. 231–232 of 11 T.C.)

"Such an attempt to retroactively reduce the rental income actually received * * * has no justifica-tion in tax law. It is contrary to the basic principles of the Federal income tax system that the tax is assessed on the basis of annual returns showing the net result of all the taxpayer's transactions during a fixed accounting period. * * * Under such system a subsequent refund of income which was received unconditionally during the taxable year may not reduce the true income to be reported where such a refund is agreed upon after the close of the year".

▪ Plaintiff contends that under the facts in this case, the funds in question should be considered as a contribution from the parent corporation to the capital of the plaintiff taxpayer and therefore properly excludable from gross income under Sec. 118 of the 1954 code. The answer to this contention is that the contemporary records of the taxpayer do not substantiate such claims. The amounts which were disallowed as a deduction by the parent corporation and refunded by the taxpayer were treated simply as a credit to the taxpayer's accounts receivable for rent due from the parent corporation and were not credited to the taxpayer's "surplus account or to a special account" or "treated as an addition to and as a part of the operating capitol" of the taxpayer, as provided for in Treasury Regulations on Income Tax (1954 Code), Sec. 1.1118–1.

▪ Plaintiff further bases his claim on Sec. 482 of the Internal Revenue Code, which has been applied to circumstances

"involving an improper manipulation of financial accounts, an improper juggling of the accounts between the related organizations, an improper 'milking' of one business for the benefit of the other, or some similar abuse of proper financial accounting."

But the Commissioner in the present case did not act, or purport to act under Sec. 482 in disallowing part of the deduction claimed by the parent corporation. Plaintiff's argument on this point

therefore falls, and cases cited by him applicable to this section do not apply to the present case.

It is therefore ordered

That a judgment be entered dismissing the plaintiff's Complaint. There being involved herein a bona fide dispute on interpretation of the applicable laws, no costs are allowed.