345 F.2d 552
 STERNO SALES CORPORATION
v.
The UNITED STATES.
COLGATE-PALMOLIVE COMPANY, Transferee and Successor of Sterno Corporation (Dissolved) and Sterno Sales Corporation (Dissolved)
v.
The UNITED STATES.
 No. 357-63.
 No. 358-63.
 United States Court of Claims.
 May 14, 1965.
 
 Harry L. Brown, Washington, D. C., for plaintiffs, Alvord & Alvord, Washington, D. C., of counsel.
 Richard J. Boyle, Washington, D. C., with whom was Asst. Atty. Gen., Louis F. Oberdorfer, for defendant, Lyle M. Turner and Philip R. Miller, Washington, D. C., on the brief.
 Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.
 DAVIS, Judge.
 
 
 1
 Sterno Sales Corporation (the taxpayer) and a sister corporation, Sterno, Inc., were for many years, including the taxable year 1951, wholly-owned subsidiaries of Sterno Corporation.[1] All three companies were concerned with "Sterno" canned heat and related products. Sterno, Inc. marketed and distributed the goods. Sterno Sales was the exclusive sales representative for Sterno, Inc. Prior to 1951, the latter paid Sterno Sales, for this work, an annual commission precisely equal to Sterno Sales' expenses during the calendar year. In December 1951, the two corporations (Sterno, Inc. and Sterno Sales) executed a new commission agreement, covering the year 1951 and thereafter, which called for the payment of all of Sterno Sales' expenses, as before, but adding "a further sum equal to 1½% of sales." The contract said that it was made to conform to an oral agreement as of January 1, 1951. For 1951, Sterno, Inc. paid Sterno Sales the amounts specified in the new contract.
 
 
 2
 In its income tax return for 1951 Sterno, Inc., the payor, claimed as a deduction the full sum of $120,515.95 paid to Sterno Sales. Sterno Sales, the payee, reported this amount as gross income from commissions from Sterno, Inc.; after deductions of its expenses, Sterno Sales' net income was reported as $20,408.49.
 
 
 3
 In fixing the tax liability of Sterno, Inc. for 1951, the Internal Revenue Service disallowed the $20,408.49 portion of the deduction for commissions paid to Sterno Sales which was in excess of the latter's expenses (and which it therefore had reported as taxable income); the disallowance was on the ground that to that extent the commissions paid by Sterno, Inc. were unreasonable and excessive.
 
 
 4
 The Tax Court upheld the Commissioner, ruling that, on the proofs made, "we are unable to say that the amount allowed by the [Commissioner] as reasonable compensation for the services rendered did not fully represent all the services rendered were reasonably worth." Sterno, Inc. v. Commissioner, 18 T.C.M. 1149, 1152 (1959).[2] In that proceeding both parties treated the disputed payment as compensation paid by Sterno, Inc. to Sterno Sales. Sterno, Inc. claimed that the full amount paid was reasonable, while the Government urged that the additional payment over the expenses of Sterno Sales was excessive and unreasonable. There was no contention by either side that this additional payment was a dividend or anything other than compensation. The Tax Court did not find that it was a dividend, but simply that it was unreasonable compensation and therefore not deductible by Sterno, Inc. under the 1939 Code. The Second Circuit affirmed this decision. 286 F.2d 548 (1961).
 
 
 5
 Taxpayer, Sterno Sales, filed a refund claim in the amount of $5,867.44, asking that the part of the sales commission disallowed to Sterno, Inc. should be eliminated from taxpayer's gross income. The Service rejected this claim, and the present suit was brought. As successor-in-interest, Colgate-Palmolive commenced an identical suit. See footnote 1, supra.
 
 
 6
 The claim of Sterno Sales is that the amount of sales commission disallowed to Sterno, Inc. should be treated, not as compensation which would be taxable income to Sterno Sales, but rather as a dividend to the common parent of the companies (Sterno Corporation) and a contribution by that corporation to the capital of Sterno Sales. On that view, the item would not, of course, be includible in Sterno Sales' gross income. The defendant insists that the sum should continue to be treated as taxable compensation to Sterno Sales.
 
 
 7
 We start with the settled postulate that a taxpayer must normally accept the tax consequences of the way in which he deliberately chooses to cast his transactions (although the Internal Revenue Service may not be bound by his choice). Cf. Higgins v. Smith, 308 U.S. 473, 477-478, 60 S.Ct. 355, 84 L.Ed. 406 (1940); Gray v. Powell, 314 U.S. 402, 414, 62 S.Ct. 326, 86 L.Ed. 301 (1941); Atlantic Ref. Co. v. United States, 46 F.Supp. 891, 896, 97 Ct.Cl. 124, 134 (1942); Love v. United States, 96 F.Supp. 919, 921, 119 Ct.Cl. 384, 403 (1951); Maletis v. United States, 200 F.2d 97, 98 (C.A.9, 1952) cert. denied, 345 U.S. 924, 73 S.Ct. 782, 97 L.Ed. 1356 (1953); Advance Machinery Exchange, Inc. v. Commissioner of Internal Revenue, 196 F.2d 1006, 1008 (C.A.2), cert. denied, 344 U.S. 835, 73 S.Ct. 45, 97 L.Ed. 650 (1952); McGinty v. Commissioner of Internal Revenue, 325 F.2d 820, 822 (C.A.2, 1963); Interlochen Co. v. Commissioner of Internal Revenue, 232 F.2d 873, 877-878 (C.A.4, 1956); Sherman v. United States, 141 F.Supp. 369, 370 (E.D.Pa., 1956), aff'd on opinion below, 240 F.2d 600 (C.A.3, 1957). "It would be quite intolerable to pyramid the existing complexities of tax law by a rule that the tax shall be that resulting from the form of transaction taxpayers have chosen or from any other form they might have chosen, whichever is less." Television Industries, Inc. v. Commissioner of Internal Revenue, 284 F.2d 322, 325 (C.A.2, 1960).
 
 
 8
 Sterno, Inc. clearly paid the sum which is now in controversy as compensation, and Sterno Sales accepted it as such. In the Tax Court proceedings, Sterno, Inc. urged strongly that that amount was compensation for work performed by Sterno Sales; the man who was president of both companies (B. F. Natkins) so testified in that case. The Government did not argue otherwise; it said no more than that this compensation, though admitted to be compensation, was excessive and unreasonable and therefore not deductible under Section 23(a) (1) (A) of the 1939 Code ("a reasonable allowance for salaries or other compensation for personal services actually rendered"). The Tax Court decided that the challenged amount had not been proved to be reasonable, but it did not say or intimate that it was anything other than the compensation both parties said it was. The opinion of the Second Circuit is along the same lines. In short, no one involved in the Tax Court litigation took the position that the payment was a dividend or something other than compensation. It was apparently not until after the disallowance of the payment to Sterno, Inc. that Sterno Sales decided that the disputed sum was in truth a dividend to the common parent, Sterno Corporation, and a contribution of capital by that company to its daughter.
 
 
 9
 Compensation remains compensation even if it is held unreasonable in amount and, accordingly, not deductible as a business expense. The payment does not change in character solely because it is characterized as excessive or undue. The non-deductibility of the expense by the payer, because it is unreasonable in amount, does not transform the payment in the hands of the payee. In Smith v. Manning, 189 F.2d 345 (C.A.3, 1951), payment by a father of large salaries to his daughters (working in his business) had been partially disallowed, as a deduction from his gross income, because of "an excess over reasonable compensation." The daughters then claimed that the disallowed excess was necessarily a gift, not income to them. The Third Circuit rejected this position in words which are fully applicable to the transaction before us (189 F.2d at 347-348, footnotes omitted and emphasis in original):
 
 
 10
 "* * * It is obvious, from a comparison of Section 22(a) and Section 23 [of the 1939 Code], that a determination of non-deductibility under the latter does not conclude the issue of gross income under the former. We all know that we have items of expense which, when paid, are includible in the payee's gross income, but which are not deductible to us.
 
 
 11
 In the instant case, the Commissioner may well have denied Smith [the father] a deduction on the ground that the amounts paid to his daughters were something other than business expenses or that they were something other than compensation for services actually rendered. He did not do so. He merely resolved the issue of reasonable compensation, and disallowed the balance. It does not necessarily follow upon this determination that the excess was other than taxable income to the daughters. Nor does it necessarily follow that the excess was not compensation for services. Section 22(a) includes in the recipient's gross income all wages and salaries; Section 23(a) (1) (A) permits the payor to deduct as a business expense only a reasonable allowance for services actually rendered. Normal bargaining between employee and employer may be depended upon to conform the one's tax liability under Section 22(a) to the other's tax benefit under Section 23 (a) (1) (A). But in particular instances, and they are not infrequent, deviations from the standard fixed in Section 23(a) (1) (A) occur, for ordinarily nothing prohibits the parties from agreeing upon any wage, without limit. Accordingly, while amounts paid as compensation for services may be income in their entirety to the employee, they are not a fortiori entirely deductible by the employer. We think it clear, therefore, that the disallowance of the deductions claimed by Smith in the circumstances related did not, without more, convert to gifts the excess paid to the plaintiffs."
 
 
 12
 The court then went on to find that the payments could not be characterized as gifts in view of the actions of both payor and payees before the amounts were questioned. The father "only came to consider the payments as gifts when he failed to convince the Commissioner that they were not excessive compensation." 189 F.2d at 348-349. The comparison with the present case need not be labored. See, to the same effect, Zeunen Corp. v. United States, 227 F.Supp. 952 (E.D. Mich.1964); Reynard Corp. v. Commissioner of Internal Revenue, 30 B.T.A. 451 (1934); cf. Bone v. United States, 46 F.2d 1010, 1011 (M.D.Ga.1931) (explicitly refusing to pass on the question).
 
 
 13
 The decisions on which taxpayer relies were instances in which the Internal Revenue Service (or a court) took the position that a payment labeled compensation (or something else) was in fact a dividend rather than compensation (or what it was labeled). See, e. g., Palmer v. Commissioner of Internal Revenue, 302 U.S. 63, 66-67, 58 S.Ct. 67, 82 L.Ed. 50 (1937); Livingston v. United States, 67 Ct.Cl. 536, 540 (1929); R. J. Reynolds Tobacco Co. v. United States, 149 F.Supp. 889, 890, 896, 898, 138 Ct.Cl. 1, 3, 12, 16 (1957); Waldheim v. Commissioner of Internal Revenue, 244 F.2d 1, 2 (C.A.7, 1957); Rigdon v. United States, 209 F.Supp. 267, 270 (S.D.Calif.1962), rev'd on another ground, 323 F.2d 446 (C.A.9, 1963) (see Kirschenmann v. Westover, 225 F.2d 69 (C.A.9), cert. denied, 350 U.S. 834, 76 S.Ct. 70, 100 L.Ed. 744 (1955)); Wilson v. Commissioner of Internal Revenue, 10 T.C. 251, 252, 256, aff'd on other grounds, 170 F.2d 423 (C.A.9, 1948), cert. denied, 336 U.S. 909, 69 S.Ct. 514, 93 L.Ed. 1073 (1949); Leach v. Commissioner of Internal Revenue, 21 T.C. 70, 71, 76, 79 (1953); Russell v. Commissioner, P.H.Memo T.C. par. 40,371, decided July 12, 1940; Fairmount Park Raceway, Inc. v. Commissioner of Internal Revenue, 21 T.C.M. 52 (1962), aff'd on other grounds, 327 F.2d 780 (C.A.7, 1964). In those circumstances the taxpayer can take advantage of the re-characterization by the Government (or by a court) of the nature of the transaction. If a payment originally labeled compensation is determined to be a dividend, the taxpayer (or other affected taxpayer) may well be able to get whatever benefits may lie in that re-evaluation. They can take the Government or the court at its word. See Wilson v. Commissioner of Internal Revenue, supra; Russell v. Commissioner, supra; Rigdon v. United States, supra; Fairmount Park Raceway, Inc. v. Commissioner of Internal Revenue, supra.[3] But where, as here, it is the taxpayer alone who seeks to impugn his own transaction for his own tax benefit, the courts will not pay heed (except, perhaps, in extraordinary circumstances, which are absent here).
 
 
 14
 This distinction is suggested by the applicable Treasury Regulations themselves. Regulations 111, Section 29.23 (a)-6 ("Compensation for personal services") provided for a deduction of salaries or other compensation for personal services actually rendered, and pointed out that the allowance for the compensation paid may not exceed what is reasonable under all the circumstances. The provision also made it clear, however, that some payments ostensibly given as compensation may in reality be not for the purchase of services at all but in fact (for example) a dividend distribution or part payment for property. Thus, disallowed payments consist of two general types — true compensation which is barred because excessive, and payments which are not compensation but something else. Accordingly, the next paragraph of the Regulations, Section 29.23 (a)-7 ("Treatment of excessive compensation"), declared that the income tax liability of the recipient of disallowed payments "ostensibly" paid as compensation will depend on the circumstances of the case. If such payments are not true compensation they must, of course, be treated as what they actually are; presumably that is what the Commissioner will insist on doing. But the Regulations do not suggest that payments which have hitherto been considered by everyone (including the Service) to be compensation, though in excess of reasonable compensation, can or may be treated as of another character by the recipient in order to gain a tax advantage for himself. On the contrary, the Regulations said that "in the absence of evidence to justify other treatment, excessive payments for salaries or other compensation for personal services will be included in gross income of the recipient * * *."
 
 
 15
 We conclude that all the payments to Sterno Sales in 1951 must be treated, as they have up to now been by all the parties, as compensation and therefore as includible in gross income under the wide reach of Section 22(a) of the 1939 Code. Commissioner of Internal Revenue v. Glenshaw Glass Co., 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483 (1955); Commissioner of Internal Revenue v. Smith, 324 U.S. 177, 181, 65 S.Ct. 591, 89 L.Ed. 830 (1945); Old Colony Trust Co. v. Commissioner of Internal Revenue, 279 U.S. 716, 729, 49 S.Ct. 499, 73 L.Ed. 918 (1929).[4]
 
 
 16
 The plaintiffs are not entitled to recover. The defendant's motion for summary judgment is granted and the plaintiffs' motion is denied. The petitions are dismissed.
 
 
 
 Notes:
 
 
 [1]
 Colgate-Palmolive Company has owned, since 1959, all of the issued and outstanding stock of Sterno Corporation. Sterno Sales dissolved in October 1960 and transferred all its assets, including the present claim for refund, to Sterno Corporation. The latter was dissolved in December 1960, transferring all its assets in turn (again including the refund claim), to Colgate-Palmolive. The suit by Colgate-Palmolive and that by Sterno Sales have been consolidated
 
 
 [2]
 The court found that, despite what was said in the written agreement of December 1951 between the two companies, there was in fact no prior oral agreement which the written contract was supposed to embody. 18 T.C.M. at 1150
 
 
 [3]
 The Tax Court's memorandum decision in Fairmount Park Raceway, Inc., supra, appears to rest on (a) a suggestion by the Commissioner that the "rents" in that case were actually dividends to stockholders, and (b) a special revenue ruling relating to taxation of partners (see 21 T.C.M. at 71-72). To the extent that the opinion may conceivably reflect the view that, as a general rule, a taxpayer cansua sponte challenge, in litigation, the characterization he has consistently given income received by him, we cannot follow it. The Court of Appeals did not consider this point.
 
 
 [4]
 Initially, the Revenue Agent, after disallowance of the payment by Sterno, Inc., proposed that the income represented by the disallowed sum had been improperly reported by Sterno Sales and should be taxed, instead, to Sterno, Inc. A notice of overassessment was issued to Sterno Sales. The Service, however, did not follow up on this position that the item should be reallocated under Section 45 of the 1939 Code. The plaintiffs do not claim in this suit that the Commissioner was required to make this reallocation
 
 
 
 17
 LARAMORE, Judge (dissenting).
 
 
 18
 The Commissioner of Internal Revenue has had his "pound of flesh." What he seeks now by denying this refund is "unreasonably and excessively" punitive in nature.
 
 
 19
 The majority rests its holding on the grounds that taxpayer (in receiving) and Sterno, Inc. (in making) intended to treat the payments as compensation, albeit as later determined "excessive and unreasonable" and, in so doing, taxpayer is precluded from casting this transaction in another form. However, intent is not the touchstone in determining whether a corporate payment is a dividend or compensation for services actually rendered. The Supreme Court has indicated that the determinative factor is whether the corporate payment had the purpose of or was in effect a distribution of earnings and profits. Palmer v. Commissioner of Internal Revenue, 302 U.S. 63, 70, 58 S.Ct. 67, 82 L.Ed. 50 (1937). The fact that the payment was nominally made as compensation and the parties intended it to be so, does not prevent us from determining that it, in effect, constituted a distribution of earnings and profits. The majority seems to infer that we are precluded from reaching such a result because the Tax Court in Sterno, Inc., 18 T.C.M. 1149, determined the payments to be "unreasonable and excessive" compensation. The Tax Court did not have to and, in fact, did not determine the character of the excessive portion of the payments in the hands of the recipient. Having only Sterno, Inc. before it, there was no reason to characterize the excessive payment as a dividend; the fact of unreasonableness alone was sufficient to sustain the Commissioner's determination. I believe that it is up to this court to decide whether such excessive payments were, in effect, a distribution of earnings and profits to the parent of Sterno, Inc.[1] and a contribution of capital to the taxpayer herein. Such a determination depends upon the circumstances of each case. See Mertens, Law of Federal Income Taxation, § 25.84 (1960 Ed.).
 
 
 20
 The majority as principal authority for its holding relies on Smith v. Manning, 189 F.2d 345 (3d Cir. 1951) where compensation disallowed as a deduction to an individual payor was found not to be a gift to the payee. The determination of whether the excess amount received constituted a gift, turned on the factual issue of whether there was the requisite "donative intent." The Eighth Circuit found that there was none. However, in determining whether a corporate payment is compensation or a dividend, the controlling factor is whether such a payment had the effect of a distribution of earnings and profits and not what the parties originally intended. Palmer v. Commissioner of Internal Revenue, supra; Waldheim v. Commissioner of Internal Revenue, 244 F.2d 1, 5 (7th Cir. 1957); Robert Lee Merritt, 39 T.C. 257, 271 (1962); Fairmount Park Raceway, Inc., 21 T.C.M. 52 (1962), aff'd on other grounds, 327 F.2d 780 (7th Cir. 1964). In the "compensation or gift" situations, the donative intent of the payor is decisive, while in the "compensation or dividend" cases the effect of the payment is controlling. In holding the above cited cases inapplicable, the majority reasons that a taxpayer can take advantage of the re-characterization of the payments only when it is made by the government or a court. Such a distinction has no substance since a re-evaluation of the nature of the payments, either by the government or a court, is not necessary in determining whether the payments made as compensation are excessive. It is only when you have the recipient that such a determination becomes necessary.
 
 
 21
 We are not concerned here with a deduction for compensation disallowed as being excessive, where the recipient is merely an employee and does not have any proprietary interest in the corporation. In such situations the characterization of the payment can never have the effect of a dividend, and it appears that the payments remain as compensation in the hands of the recipient. In those situations, the donative intent would never be present, since the corporation originally intended them to be compensation for services. Here we are concerned with payments made to related entities. Although originally intended as compensation, the amounts paid were determined to be unreasonable. I believe that the excessive payments were, in effect, distributions of earnings and profits. I say this because, as established by the decision of the Tax Court, the commission payments to plaintiff, Sterno Sales, by Sterno, Inc., for many years prior to 1951, were such as to result in Sterno Sales operating on a break-even basis. It further appears that such arrangement was not changed until December 18, 1951, when a written contract providing for the one and one-half percent additional amount was entered into. Further, although the contract recited that it was "to confirm our oral agreement as of January 1st, 1951," the Tax Court found that there had, in fact, been no prior oral agreement and that the additional amount was fixed solely for the purpose of permitting Sterno Sales Corporation to make a profit (see footnote 1 of the Tax Court's opinion in Sterno, Inc., supra). Still further, the court stated that it was unable to say that the services rendered "by or in the names of Sales Corporation" were worth anything more than the services of the salesmen themselves or were reasonably worth more than the salaries, commissions and expenses.
 
 
 22
 All of this points to a Tax Court determination that the only purpose of the amount of disallowed compensation here involved was a shifting (distribution) of the earnings and profits of Sterno, Inc. So viewed, the effect of the transaction was the payment of a dividend. Accordingly, the amount involved should be treated as the distribution of a dividend by Sterno, Inc. to the common parent, Sterno Corporation, and a contribution by the latter to the capital of plaintiff, Sterno Sales.
 
 
 23
 For the foregoing reasons I respectfully dissent.
 
 
 24
 COLLINS, Judge, joins in the foregoing dissenting opinion.
 
 
 
 Notes:
 
 
 [1]
 The Commissioner will not be prevented from obtaining his added "pound of flesh" since he can invoke the mitigation sections (1311 et seq.) and tax the common parent on the dividendsin effect paid to it by Sterno, Inc.