William K. EDMISTER and Elizabeth Edmister, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 17622.

United States Court of Appeals Sixth Circuit.

March 26, 1968.

Robert H. Albert, Columbus, Ohio, for petitioners.

Willy Nordwind, Jr., Atty., Dept. of Justice, Washington, D. C., for respondent. Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, William Friedlander, Attys., Dept. of Justice, Washington, D. C., on the brief.

Before O'SULLIVAN and COMBS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

William K. Edmister and his wife, Elizabeth, petition this Court for review of a decision of the Tax Court whereby it was held that the transfer of certain real estate from Capital Elevator and Manufacturing Company to the petitioners was essentially equivalent to a dividend and the value thereof taxable as ordinary income. The facts are not disputed and are fully stated in the finding of facts and opinion of the Tax Court reported at 46 T.C. 651.

In 1961 and for some time prior thereto the capital stock of Capital Elevator and Manufacturing Company (the corporation) was owned as follows: William Edmister (William) 513 shares, his wife 18 shares, 39.3 percent of the total; Dorothy Edmister, sister-in-law of William, and her three minor children 441 shares, 32.7 percent of the total, and Guy R. Blackwood, 378 shares, or 28 percent of the total. At this time Blackwood was 72 years of age and because of his age and state of health wished to retire and dispose of his interest in the corporation. He had an opportunity to sell his stock for $110 per share. The prospective purchaser,

however, would not buy unless he could get controlling interest in the company. William was only 50 years of age and he wanted to continue in the business but did not want to be a minority stockholder.

Agreements were made between the shareholders and with City National Bank and Trust Company of Columbus, whereby the following transactions were simultaneously made on October 23, 1961. The corporation transferred its real estate known as the Town Street property, valued at $46,500, to William; William transferred his 513 shares to the corporation; the bank loaned William and his wife $45,000 and took a mortgage on the Town Street property and on the home of William and his wife. With the $45,000 plus $3723.85 of their own money, William purchased the 441 shares of stock of Dorothy Edmister and her children; William and his wife leased the Town Street property to the corporation for $500 per month, the same amount William and his wife were obligated to pay the bank on the mortgage; the lease was assigned to the bank and William's new certificate for 441 shares of stock was given to the bank as additional security for the loan and an agreement was entered into whereby the corporation agreed to buy Blackwood's stock for $110 per share on January 1, 1962. As of December 31, 1960, the balance sheet of the corporation showed that it had $55,333.84 in earned surplus and accumulated undivided profits.

■ Commissioner of Internal Revenue, respondent, claimed that the transfer of real estate for William's stock was a redemption of stock essentially equivalent to a dividend and that the value thereof was taxable as ordinary income. (Section 302(b) (1), Title 26, U.S.C.) The Tax Court upheld the Commissioner and William and his wife petitioned for review. The sole issue presented is whether the transfer in question is essentially equivalent to a dividend. This is a question of fact and unless the Tax Court's findings are clearly erroneous, we must affirm the Tax Court's decision. Woodworth v. C. I. R., 218 F.2d 719

(C.A.6); Ballenger v. United States, 301 F.2d 192 (C.A.4); Swan v. C. I. R., 355 F.2d 795 (C.A.6). Inferences drawn from undisputed facts must be sustained unless clearly erroneous. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218.

The petitioners claim that their contention is supported by the following facts: "(a) The subject exchange was one part of a series of transactions which were prompted by valid non-tax-avoidance reasons; (b) The petitioners received no economic benefit from the exchange; and (c) The subject exchange did not enable the petitioners to secure a benefit they would not otherwise have enjoyed by handling the exchange by a less direct method—a question of substance vs. form."

■ The Tax Court did hold that it must consider all of the steps of the transaction and that the net effect of the distribution must be determined from substance rather than form. In so considering it found from all of the facts that when the plan was completed the petitioners had received substantive benefits which made the distribution of the Town Street property to them essentially equivalent to a dividend. When the transactions were completed, the petitioners owned 100 percent of the outstanding stock of the corporation whose assets had been reduced by $41,580 cash paid to Blackwood and by the value of the real estate transferred to the petitioners. The petitioners personally owned the real estate and although it was subject to a mortgage of $45,000, this mortgage was to be paid off in ten years by the corporation through the lease to it by the petitioners. The corporation had more than $46,500, the fair value of the real estate, of earnings and profits on hand available for distribution at the time William's stock was redeemed. We conclude that there was substantial evidence to support the findings of the Tax Court and that its findings are not clearly erroneous.

■ The Tax Court held that the petitioners could not avoid the resulting tax

586

by arguing that the same result could have been achieved tax free under some other plan. We agree. It has been held that the Commissioner and the Courts are justified in treating transactions for tax purposes according to the plan adopted by the taxpayer rather than on the basis of some other plan that might have been adopted. Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406; Woodworth v. C. I. R., supra; Sterno Sales Corp. v. United States, 345 F.2d 552, 170 Ct.Cl. 506; Wiseman v. United States, 371 F.2d 816 (C.A.1).

The decision of the Tax Court is affirmed.