John M. WISEMAN, Plaintiff, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6810.

United States Court of Appeals First Circuit.

Jan. 31, 1967.

David M. Scheffer, Boston, Mass., for appellant.

Jack S. Levin, Atty., Dept. of Justice, with whom Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and David O.

Walter, Attys., Dept. of Justice, and Lloyd P. La Fountain, U. S. Atty., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is a suit for a tax refund. In the tax year in question plaintiff taxpayer was the sole owner of two brother-sister corporations—Industrial Realty Co., Inc. and Southern Comfort Realty Company. Industrial was a successful operation—yielding substantial profits. Southern had been losing money for several years and understandably plaintiff was anxious to liquidate it. Late in March 1961, upon the recommendation of plaintiff's accountant, a plan for Southern's liquidation was put into effect. The primary objective of this plan was to enable Industrial to set off Southern's losses against Industrial's profits. As a principal step in accomplishing this, plaintiff transferred all his Southern stock to Industrial in exchange for an indebtedness of $125,700 created on Industrial's books.

The question before us is whether the creation of this indebtedness constituted a corporate distribution essentially equivalent to a dividend within the meaning of the applicable provisions of the Internal Revenue Code [1] and taxable to plaintiff as ordinary income to the extent of Industrial's accumulated earnings and profits as of December 31, 1961. [2] In his audit of plaintiff's 1961 income tax return [3] the Commissioner ruled that it did. The district court sustained this ruling in an able opinion which we approve. [4]

In recent years this court has twice had occasion to review in detail the criteria to be applied in determining dividend equivalency and on both occasions we found that the transaction involved

1. Sections 302(b) (1) and 304(a) (1), Internal Revenue Code of 1954, 26 U.S.C. §§ 302(b) (1), 304(a) (1).

2. Its accumulated earnings and profits as of that date were $120,070.80.

3. This return was filed on a cash receipts and disbursements basis.

4. Wiseman v. United States, 259 F.Supp. 90 (D.Me.1966).

was essentially equivalent to a dividend. United States v. Collins, 300 F.2d 821 (1st Cir. 1962); Bradbury v. Commissioner of Internal Revenue, 298 F.2d 111 (1st Cir. 1962). We think these cases are controlling here. In the instant case all the conditions necessary to constitute a dividend are fulfilled and we do not find those "conspicuously countervailing considerations" which might otherwise "dispel the aura of dividend equivalence". *Bradbury,* supra at 117.

 While recognizing the significance of the holdings in these two cases plaintiff maintains that we must look at the totality of the circumstances from which the transfer in question cannot be severed. He argues that looking at it from this posture there are two factors in the instant case that distinguish it from *Collins* and *Bradbury:* (1) that this transaction was motivated by a legitimate business purpose and was not employed by plaintiff as a device to withdraw money from Industrial, and (2) that the same net result could have been obtained by other means without giving rise to a taxable distribution.

 That the transaction was motivated by a legitimate business purpose is not disputed.[5] But where, as here, the taxpayer is the sole or dominant stockholder of the distributing corporation, motive is irrelevant. For motive to have any meaningful significance at least the line between the shareholder and the corporation must be more sharply drawn than it is in this case. *Bradbury,* supra at 118. The real question here is what was accomplished by this transaction. The answer is that plaintiff received an unfettered indebtedness.[6] At least to the extent that profits were available, this was equivalent to a dividend, whether or

not the taxpayer chose to think of it as such.

 Nor are we persuaded by plaintiff's second contention that he could have accomplished the same result by other means without these tax consequences. As we said in *Collins,* supra 300 F.2d at 825: " * * * once a taxpayer elects a particular mode of business procedure, he cannot avoid the statutory ramifications of his action by indicating results whch might have obtained under alternate procedures."

Affirmed.

---

5. The trial court found that "the purpose of the transaction was to enable Industrial to obtain a tax loss upon the liquidation of Southern." 259 F.Supp. at 99.

6. Plaintiff argues that he did not "receive property," 26 U.S.C. § 304, when the corporation merely entered an indebtedness on its books. Not only was the indebted-

ness noted without restrictions on time of payment, but plaintiff as sole stockholder of the corporation had the power to command payment at any time. Therefore, the district court was correct in treating the transaction as equivalent to a cash payment. Cf. Bazley v. Commissioner of Internal Revenue, 331 U.S. 737, 742, 67 S.Ct. 1489, 91 L.Ed. 1782 (1947); *Bradbury,* supra.